No. 22,870.

FRED PACK, *Appellant*, v. MARTIN GRIMES, revived in the name of ANNA B. GRIMES, as Executrix, etc., et al., *Appellees.*

SYLLABUS BY THE COURT.

1. MANUFACTURING ESTABLISHMENT — *Plant for Converting Stones into Tombstones and Monuments.* A plant in which rough stones are shaped, dressed, lettered and converted into tombstones and monuments is a manufacturing establishment within the meaning of the factory act.

2. SAME—*Derrick Outside the Building Part of the Plant.* A derrick erected in the yard of the establishment and outside of the building where the dressing and lettering were done, and which was used in connection with other processes of the plant, was a part of the manufacturing establishment.

3. SAME—*Laborer Within Protection of Factory Act.* A person laboring in such an establishment, although not an employee of the proprietors thereof, is within the protection of the factory act.

4. TRIAL—*Evidence Should Have Gone to Jury.* The evidence in the case held to be sufficient to take the case to the jury.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed November 6, 1920. Reversed.

*Carr Taylor,* and *John H. Connaughton,* both of Hutchinson, for the appellant.

*C. M. Williams,* and *D. C. Martindell,* both of Hutchinson, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by Fred Pack to recover damages for the loss of a finger alleged to have been caused by the negligence of Martin L. Grimes and William M. Jones, doing business under the firm name of Hutchinson Monument Works. The court sustained a demurrer to plaintiff's evidence, and gave judgment for defendants. Plaintiff appeals.

It appears that defendants were carrying on the business of converting rough stones into tombstones and monuments. At the end of the factory building in which the shaping, dressing and lettering were done, a derrick had been erected

Pack v. Grimes.

to be used in loading the tombstones and monuments when finished upon transfer wagons and trucks. It was operated by means of levers, pulleys, ropes, cogwheels and cranks. On the day of the accident the defendants called the Union Transfer Company, for whom plaintiff was working, and asked them to move certain tombstones and monuments to the cemetery. That company sent the plaintiff and another of its employees to perform the task, and while plaintiff was assisting in the work and was turning a cogwheel in order to lower the tackle and fasten it upon a part of a monument so that it might be lifted upon the wagon, an employee of the defendants carelessly seized and jerked the rope, causing the cogwheel to revolve rapidly and in such a way as to draw plaintiff's finger between the cogwheels and cut it off. Sometime before the accident there had been a guard over the cogwheels but it had been removed at that time. Shortly afterwards a guard was provided.

In this action the plaintiff is asking for the benefit and protection afforded by the factory act, and he contends that his evidence made a *prima facie* case for a recovery. In support of the ruling sustaining the demurrer to plaintiff's evidence, defendants contend that it was not shown that the defendants' plant is a factory. In it rough stones are shaped, dressed, lettered and converted into tombstones and monuments. In the factory act it is enacted that a manufacturing establishment includes certain mills, shops and works that are specifically named, and added that it also includes—

". . . any other kind or character of manufacturing establishment, of any nature or description whatsoever, wherein any natural products or other articles or materials of any kind, in a raw or unfinished or incomplete state or condition, are converted into a new or improved or different form." (Gen. Stat. 1915, § 5892.)

In *Jeffries v. Elevator Co.*, 102 Kan. 811, it was said: "All establishments for the modification of natural products to adapt them to human needs are embraced in the act." (p. 813.) Under the authority of the cases dealing with this subject there is no doubt that the monument works of defendants is a manufacturing establishment within the meaning of the factory act. (*Caspar v. Lewin*, 82 Kan. 604, 109 Pac. 657; *Raines v. Stone*, 87 Kan. 116, 123 Pac. 871; *Bubb, Adm'x, v. Railway*

*Co.,* 89 Kan. 303, 131 Pac. 575; *Buchanan v. Blair,* 90 Kan. 420, 133 Pac. 709; see, also, Laws 1917, ch. 226, § 2.)

The derrick or lifting machine, although in the yard outside of the building, was a part of the factory. It was used in connection with other processes in carrying on defendants' business, and was an essential part of the establishment.

There is a contention that as plaintiff was not an employee of defendants he was not entitled to the protection of the act. This protection is given not only to employees but it is also extended to other persons working in the establishment. (Gen. Stat. 1915, § 5890.) The scope of the protection was considered in *Caspar v. Lewin,* supra, wherein it was said:

"The statute is a factory act and an employer's liability act combined. It bears internal evidence that the employer's liability acts of other states had been studied. They are usually drawn in favor of 'an employee,' and consequently are held to exclude employees of subcontractors. To meet this defect the protection of the act was extended not only to persons employed, but also to persons laboring, in a manufacturing establishment. The staple employer's liability act, however, expressly limits its application to 'an employee, who at the time of the injury is in the exercise of due care.' (Laws Colo. 1893, ch. 77; Acts Ind. 1893, ch. 130; Acts Mass. 1887, ch. 270; Laws N. Y. 1902, ch. 600.) The omission of any such restriction from the Kansas law appears to have been deliberate and intentional." (p. 629.)

The plaintiff was laboring in the establishment when he was injured and fairly comes within the provisions of the act.

Another contention is that the plaintiff was a volunteer when he was assisting in loading monuments—that it was the work of others and no part of his duty. The testimony in this regard is not strong but it was shown that in several other instances he had helped to load monuments without objection or interference, and under the circumstances he cannot be regarded as a trespasser. Whether he was laboring in the establishment with the consent of the defendants, or a mere trespasser, was under the evidence a question of fact for the jury, and we conclude that there was sufficient evidence to take the case to the jury.

For the error in sustaining the demurrer to the evidence the judgment is reversed and the cause remanded for further proceedings.