No. 27,560.

W. E. WHIPPLE, *Appellant*, v. B. F. McLEAN, *Appellee*.

(257 Pac. 735.)

SYLLABUS BY THE COURT.

MASTER AND SERVANT — *Employment Within Factory Act.* The provisions of
the factory act (R. S. 44-101 *et seq.*) do not extend to the cutting of wood
with a bucksaw on a farm even though the saw may be operated by an
engine or other mechanical power.

Appeal from Sedgwick district court, division No. 4; ISAAC N. WILLIAMS,
judge. Opinion filed July 9, 1927. Affirmed.

*Clyde E. Souders* and *Otto R. Souders,* both of Wichita, for the appellant.

*R. R. Vermilion, Earle W. Evans, Joseph G. Carey, W. F. Lilleston, Arnold
C. Todd* and *George C. Spradling,* all of Wichita, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: A farm laborer employed on a farm, where he was
furnished a house in which to live, a cow, a garden spot, his fire-
wood, and paid a salary of $65 a month, sought to recover damages
from his employer on account of injuries sustained while helping
to saw wood on a neighbor's farm to which he had been directed by
his employer to go. A demurrer to plaintiff's evidence was sustained
and he appeals.

The defendant operates a farm near Wichita. He and a neigh-
boring farmer, Greenwell, exchanged work. On November 8, 1925,
the plaintiff under the direction or assent of the defendant, went to
the Greenwell farm to assist in sawing wood. An ordinary saw
with buck and without guards was furnished by another neighbor,
Sandusky. The plaintiff, while in the act of bringing a piece of
wood to the saw, tripped over a piece of wire and fell in such manner
that he threw out his hand, the first three fingers of which were
caught in the saw and severed or severely injured. He sued his em-
ployer to recover damages on the theory that where a servant is
under the control and subject to the orders of his master, and while
in obedience to such orders assists a third person in doing some
work, he remains the servant of his own master and is entitled to re-
cover damages for injuries suffered in doing such work. He con-

Master and Servant, 39 C. J. p. 410 n. 71.

tends that while in the performance of such duties, his employer failed to furnish him a safe place to work, and that the operation of the saw in question was within the provisions of the factory act, entitling him to recover. He cites and relies on *Casper v. Lewin,* 82 Kan. 604, 109 Pac. 657, and *Pack v. Grimes,* 107 Kan. 704, 193 Pac. 330.

We are of opinion it would be an unwarranted extension of the factory act to apply it in the instant case. The statute provides:

"Manufacturing establishments, as those words are used in this act, shall mean and include all smelters, oil refineries, cement works, mills of every kind, machine and repair shops, and, in addition to the foregoing, any other kind or character of manufacturing establishment, of any nature or description whatsoever, wherein any natural products or other articles or materials of any kind, in a raw or unfinished or incomplete state or condition, are converted into a new or improved or different form." (R. S. 44-107.)

It cannot reasonably be said that a few farmers assembled in a neighbor's feed lot to assist in cutting firewood are operating a manufacturing establishment. The legislature did not intend that the operation of various kinds of farm machinery should constitute a manufacturing establishment or a mill within the meaning of the words of the statute. The sawing of firewood on a farm ordinarily is a mere incident of the general farm work such as husking or shelling corn, separating the milk, cutting ensilage or operating a tractor or combine. Farmers who observe friendly helpfulness among their neighbors are not compelled to underwrite all the hazards of modern farm life, which would be included if the factory act could be extended to accidents like the one under consideration. The conclusion at which we arrive, that the provisions of the factory act do not apply, renders discussion of the other questions raised in the briefs unnecessary.

The judgment is affirmed.