No. 27,847.

W. L. Harrel, *Appellant*, v. William Quiring, as The Quiring Monument and Stone Company, *Appellee*.

(264 Pac. 46.)

SYLLABUS BY THE COURT.

Workmen's Compensation Act — *Employment Within Act* — *Building Work*. The work of putting up a monument at a grave in a cemetery is not building work, as that term is defined in the workmen's compensation act. (R. S. 44-508 [*j*].)

Appeal from Sedgwick district court, division No. 3; Grover Pierpont, judge. Opinion filed February 11, 1928. Affirmed.

*Burt Comer, A. C. Todd* and *P. D. Gardiner,* all of Wichita, for the appellant.

*Robert C. Foulston, W. E. Holmes, D. W. Eaton, George Siefkin, Sidney L. Foulston* and *Lester L. Morris,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one for compensation for accidental injury received while doing work connected with the putting up of

Workmen's Compensation Acts, C. J. p. 42 n. 12.

a monument at a grave in a cemetery. A demurrer was sustained to plaintiff's evidence, and he appeals.

Defendant operates a plant in Wichita in which blocks and slabs of stone, marble and granite are cut, shaped, dressed, polished, lettered, and otherwise prepared for setting up as tombstones and graveyard monuments. Defendant has also built two mausoleums. The plant constitutes a factory, as that term is used in the workmen's compensation act. (See *Pack v. Grimes,* 107 Kan. 704, 193 Pac. 330.) The several stones which are to form a monument are prepared at the plant. The stones are then transported by truck or by rail to the place where they are to be used, and are there set up by defendant's workmen. While plaintiff was engaged in work connected with the erection of a monument, consisting of several pieces, at a grave in the cemetery at Ellinwood, he sustained an injury which it may be assumed was compensable if the employment was included in any of the classes enumerated in the workmen's compensation act. The statute reads:

"That this act shall apply only to employment in the course of the employer's trade or business on, in or about a railway, factory, mine or quarry, electric, building or engineering work, laundry, natural gas plant, county and municipal work, and all employments wherein a process requiring the use of any dangerous explosive or inflammable materials is carried on, which is conducted for the purpose of business, trade or gain; . . ." (R. S. 44-505.)

Plaintiff contends he was engaged in building work, because he was building a monument.

The statute defines building work as follows:

"(*f*) 'Building work' means any work in the erection, construction, extension, decoration, alteration, repair or demolition of any building or structural appurtenances." (R. S. 44-508.)

To be within the statute, building work must be expended on a building or building appurtenance. We may speak of building a bridge, but the work of building a bridge is not building work; it is engineering work. (R. S. 44-508 [*g*].) Therefore, the question is whether the monument was a building.

Monuments erected in perpetuation of the memory of persons, actions, events, achievements, and whatever the sense of historic veneration will not willingly let die, take various forms, ranging from a boulder left rugged and rough as the forces of nature fashioned it, to the most imposing and magnificent structures which the artistic faculties of man are able to create. We are concerned here with the

common variety of structure placed at a grave in a small-town cemetery in memory of the dead. Nobody thinks or speaks of such monuments as buildings. Passing by or through a cemetery, the eye does not note the type of buildings which mark the graves, and we read the inscriptions on monuments, not buildings. When we speak of a building, we have in mind the class of structures represented by house, barn, store, office, church, school, and similar buildings, and use of the word "building" does not suggest stone, shaft, column, pillar, or other sepulchral monument.

The common understanding of the difference between a monument and a building was accepted in the very interesting case of *Society of the Cincinnati's Appeal,* 154 Pa. St. 621. The Society of the Cincinnati, organized in 1783, and composed of descendants of officers who served at least three years in the Continental army, desired to erect a monument to the memory of George Washington, in Independence Square, Philadelphia. The Statute of the state of Pennsylvania forbade the erection of "any sort of buildings" in the square. In the opinion of Mr. Justice Mitchell it was said:

"But the proposed monument is not a building within the prohibited condition. A monument may take the shape of a memorial hall or other building, but that is not the general sense of the word and will not be presumed. A statue upon a pedestal, even though the latter be large, is not a building in the popular meaning of the term, . . ." (p. 635.)

Keeping in mind the fact that, in the statute, building work is not any kind of fabrication by way of uniting materials to form a regular structure, but is work on a special kind of structure designated as a building, it is clear the work in which plaintiff was engaged when he was injured was not building work. The locality of the factory may not be extended across the space which separates Ellinwood from Wichita, and the work in which plaintiff was engaged when he was injured was less like engineering work than building work.

The judgment of the district court is affirmed.