No. 30,844.

W. E. Price et al., *Appellants*, v. Blanch Carmean and The Commerce Building, Loan and Savings Association, *Appellees*.

(18 P. 2d 197.)

Opinion filed January 28, 1933.

*S. L. Mathews,* of Kansas City, and *Lloyde Morris,* of Oskaloosa, for the appellants.

*William J. Morse,* of Oskaloosa, *W. P. Waggener, B. P. Waggener, J. M. Challiss* and *O. P. May,* all of Atchison, for the appellees.

The opinion of the court was delivered by

Johnston, C. J.: The plaintiffs, three children of Charles Price, deceased, brought this action against Blanch Carmean, a child and heir of Charles Price, deceased, afterwards appointed as administratrix of the estate, and the Commerce Building, Loan & Savings Association, to recover $1,500 with interest thereon alleged to be due on fifteen shares of stock of the Commerce association which had passed into possession of Blanch Carmean as administratrix of

the estate of her father, three-sevenths of which, it is claimed, belonged to plaintiffs.

In a second count plaintiffs alleged that defendants have in their possession a note executed by Fred Bertels and Thersa W. Bertels for $1,500, payable to Charles Price, which if collected should be divided among the seven heirs of the deceased, on which plaintiffs ask judgment. When the case came on for trial, opening statements by the respective counsel were made, and upon objection to the introduction of evidence on the ground that no cause of action was stated, which the court sustained, the action was dismissed. Plaintiffs appeal.

Plaintiffs alleged that Blanch Carmean was duly appointed as administratrix of her father's estate and thereafter took possession and control of the assets of the estate, which included the shares of stock in question and which it is alleged were a part of the estate, and that for these shares the administratrix has not accounted; that a final settlement has been made and all costs paid; and they also allege that Blanch Carmean has remaining in her hands the note of $1,500 executed by the Bertels which constitutes the property of the estate and has been assigned to the heirs.

In the record is an order of the probate court considered by the trial court respecting the shares of stock in controversy which in effect determined that Charles Price had, before his death and in consideration of services rendered by his daughter, Blanch, in caring for him and attending to his needs and wants, transferred and delivered the shares of stock to a cashier of a bank to be delivered to Blanch upon his death. It was found that at the same time Charles Price made and delivered gifts to four others of his children, but that by inadvertence he had omitted to make a written assignment to Blanch of the stock in question, although he fully intended to vest the title thereto in her. The probate court found and adjudged that Blanch was the lawful owner of the stock by virtue of the gift and delivery of the same by her father prior to his death, and that she, as administratrix, execute such assignment of the stock as might be necessary to effect a transfer of the same to herself as an individual.

Blanch Carmean answered admitting the decease of Charles Price, her appointment and qualification as administratrix of his estate, alleging that the estate had been fully administered, that final set-

tlement had been made of it with the approval of the probate court, all costs having been paid, and that she was fully discharged as administratrix by order of the court, and that the Bertels note remained in her hands as property of the estate which had been assigned to the heirs at law of Charles Price, deceased, of whom there were seven. She specifically denied that the shares of stock mentioned were the property of Charles Price when he died, or that they constituted any part of the estate of the deceased. The Commerce Building, Loan & Savings Association answered by a general denial and allegations that plaintiffs have no right to maintain the action, that there was a defect of parties that plaintiffs had no legal capacity to sue, that there was an improper joinder of causes of action, that the petition included matters which were within the exclusive jurisdiction of the probate court; that the action is a collateral attack of an adjudication by the probate court, and that if the plaintiffs have a cause of action at all they are attempting to split the same and subject defendants to a multiplicity of suits, and that the shares of stock mentioned were at the time of the death of Charles Price not his property and are no part of the estate and not subject to administration therein.

The record discloses that defendants in their answer set out a state of facts tending to show that in the action as brought no right of recovery against them had been stated, but they also raised the same point by an objection to the introduction of any evidence under the pleadings for the reason that their allegations showed that a right of recovery against the defendants did not exist. There are manifest inconsistencies and contradictions in the averments of the petition. It is stated that the estate of Charles Price had been finally settled and the assets thereof distributed, and also that there remained assets of the estate, namely, a number of shares of stock that have been mentioned and also a note of considerable amount which had not been administered and distributed. The district court was asked to complete the administration and award the three plaintiffs not only their own shares, but they asked judgment for the full value of the property said to be unaccounted for and unadministered.

Plaintiffs allege that there are seven children in the Charles Price family, who are interested and entitled to share in any property belonging to the estate, but the other heirs have not been made parties to the action except as to Blanch Carmean, who had acted as administratrix. No averment is made that the three plaintiffs

had authority to represent the other heirs in the remaining estate that may belong to them. They allege that Blanch Carmean had gained possession of shares of stock belonging to the estate and has not accounted for them, and on this branch of the case they ask judgment for the full value of the same and the interest thereon. If she is still holding property belonging to the estate and claiming it as her own, or had been unfaithful in the administration of the estate, the action should have been brought by an administrator *de bonis non*. (R. S. 22-730.) The fact that the administratrix had secured the approval of the probate court of a final report and settlement of the estate is not conclusive that the estate has been wholly settled. It has been said that:

"An appointment *de bonis non* is proper when assets of the estate are newly discovered after the former executor or administrator has been discharged, even though the original representative was discharged in consequence of his inability to discover assets." (24 C. J. 1145.)

The same authority is to the effect that such an appointment may be made although nothing remains to be done except to distribute the estate.. It will be noted that this action was not brought against the estate nor against Blanch Carmean as administratrix thereof, nor yet upon her bond as administratrix. Instead it was brought by three of the seven heirs to recover what they allege was unadministered and unaccounted for assets of the estate, and if anything remained in the estate they were entitled to only three-sevenths of the same. There was a manifest defect of parties in the action brought. It appears, too, that they are seeking to recover from the Commerce Building, Savings & Loan Association the sum of $1,500 on the Bertels note, but there is nothing in the petition indicating that the association had any connection with the note, any liability thereon, nor is any reason given why it is sued on the note. On the face of the petition there was clearly a misjoinder in attempting to set forth a cause of action on the note against the association. If there were really assets of the estate unadministered and not distributed, it was a proper occasion for the appointment by the probate court of an administrator *de bonis non* to collect the remaining assets and make proper distribution of the same. The probate court had jurisdiction to complete the administration of the estate, and where the relief sought may be obtained in an ordinary proceeding in the probate court, resort should be made to that tribunal. No circumstances are alleged which require the aid of the district court as a court of equity

to obtain proper relief. (*Kothman v. Markson,* 34 Kan. 542, 9 Pac. 218, and cases cited.)

In a case just decided, *Schmidt v. Simmons,* ante, p. 666, 17 P. 2d 835, it was said:

"The probate court is a court of limited jurisdiction, but it is given probate jurisdiction over the estates of deceased persons (Const. Art. 3, § 8) and while acting within such jurisdiction its judgments are binding and conclusive, unless appealed from. The court is given express power by statute to make final settlement and distribution of estates. (R. S. 22-901, *et seq.*) . . . Where an estate has not been fully administered the court shall appoint an administrator to settle the estate, and it is the duty of such administrator to acquire the possession and control of the assets of the estate and if necessary maintain an action against the former executor or administrator and the surety on his bond. (R. S. 22-326.)

"The rule was early established by this court that in an action upon the official bond of an executor the judgment of the probate court concerning the accounting of the administrator and all matters included therein are conclusive as against collateral attack." Citing *Jones v. Jones,* 125 Kan. 403, 408, 265 Pac. 66, and many other authorities. (p. 669.)

Plaintiffs contend that after the estate has been fully administered, final settlement made, the district court has jurisdiction to determine the ownership or title to property of an estate when it is a matter in dispute, citing a number of authorities expressing that view. That contention is not open to question. Here, however, the allegations of plaintiffs show that the estate has not been fully administered, that assets have been discovered belonging to the estate which have not yet been administered nor accounted for by the administratrix. Also, that she is withholding assets of the estate which should be administered and distributed among the several heirs of the decedent, hence, the authorities do not apply. Even in cases where the title to property is involved, the action must be brought by the parties interested, and if all those in interest do not join with plaintiff, they can and should be made defendants in the action. (R. S. 60-412.) The shares of stock involved here, it appears, were inventoried as a part of the assets of the estate, but it was noted therein that the shares had been disposed of by the decedent more than ninety days before his death. The notation, it is said, had been made in compliance with the tax laws of the state. The administratrix, as we have seen, asked and obtained an order authorizing her to make formal and effectual transfer of the shares already disposed of and delivered, and this order was made

by the probate court on July 15, 1930. No appeal has been taken from that order and it stands at this time unreversed.

Whether the order relating to the ownership of the shares is of any validity or may be redetermined in the district court, is not necessary now to decide. In any event, such a question cannot be reëxamined and determined in the district court until all interested parties are brought in on proper pleadings which present the distinct issue so that it can be tried out in conformity with the governing rules of procedure.

When the defects mentioned were presented to the court, and it became apparent that under the petition plaintiffs were not entitled to recover, they did not ask to amend the petition to make necessary parties, to eliminate improper parties, or to cure the misjoinder of actions. In this situation the court had no alternative than to dismiss the action.

The judgment is affirmed.

THIELE, J., not participating.