No. 34,782

CHARLES P. KUHL et al., *Appellees*, v. MARY ALMA HOOVER-SWART et al., *Appellants*.

(102 P. 2d 1020)

Opinion filed June 8, 1940.

*W. L. Sayers* and *W. P. Sayers*, both of Hill City, for the appellants.

*W. H. Wagner* and *William Wagner, Jr.*, both of Wakeeney, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: This is a proceeding instituted in the probate court of Gove county to secure the appointment of an administrator *de bonis non* to complete the administration of the estate of Carl Kuhl.

deceased. The application was filed prior to the effective date of the new probate code.

In February, 1932, Carl Kuhl and Johanna Kuhl executed a will, joint in form, which provided:

"Seventh: We hereby give and bequeath to the survivor of us all of the balance of our property, whether it be personal property, real estate or mixed, for the survivor's sole benefit and use during their natural lifetime and at the death of the survivor of us (all) of the property then remaining in the survivor's possession, whether it be personal property, real estate or mixed, shall be divided among our grandchildren as follows:

"One-half of the aforesaid remaining property shall be divided equally among Mary Alma Hoover, Albert Leonard Hoover and Clyde Walter Hoover, or the survivors of them, each to share and share alike, and the other half or remainder of the aforesaid remaining property shall be divided among equally, Carl Omer Kuhl, Charles Peter Kuhl, Charless Etta Kuhl, Grace Mabel Kuhl and Cecelia Johanna Kuhl or the survivors of them, each to share and share alike.

"Eighth: If any of the aforesaid children shall die intestate and leaving no lawful issue its or their share shall be held in trust by the executor or executrix or a trustee, and disposed of under said trust, for the use and benefit of the remaining children of that respective family, viz.: Kuhl or Hoover."

Carl Kuhl died March 18, 1932, and Johanna Kuhl survived him. On April 7, 1932, the will was probated. Johanna was appointed and qualified as executrix. In the petition to probate the will, duly verified, Johanna stated that while the will was joint in form that at the time the will was executed she owned no real or personal property whatever and that her act in joining in the will was intended to be an election or choice on her part to ratify and confirm the will as his spouse. As there is no dispute on this point the instrument will be considered as the will of Carl Kuhl.

Johanna Kuhl died on February 2, 1939. All the remaindermen mentioned in paragraph seven of the will survived her.

The application to open the estate and to appoint an administrator *de bonis non* was filed in the probate court on May 25, 1939. From an order of the probate court allowing the application, entered June 3, 1939, an appeal was taken to the district court. Thereupon appellees filed a demurrer to the application or petition on the ground it did not state sufficient facts to entitle the appellants to the relief demanded, and for the reason that the orders of the probate court "which are attacked by said petitions are final and binding orders and not subject to attack by said parties, and all matters set forth in said petitions are *res judicata*."

This appeal is from the order and judgment of the court in sustaining the demurrer.

The petition of appellants filed in the probate court alleged that the executrix filed an inventory of the property; that on July 21, 1934, the executrix filed her final report which was approved by the probate court; that in her account the executrix failed to mention or account for certain personal property of the value of $5,000, which she then had in her hands and which was included in the inventory and appraisement, all of which property remained in the hands of the executrix at the date of her death; that in her petition for discharge the petitioner had represented to the court that the estate of Carl Kuhl had been fully administered; that by failing to recite in her several reports the true status of the assets of the estate, the court was misled and that the order discharging the executrix was made under a misapprehension of the facts, and that said order is void as a final settlement; that there remains property which has not been administered upon, consisting of notes and other choses in action of the value of more than $5,000; that said property will be lost or destroyed unless speedy action be taken to conserve the same; that there is real and personal property belonging to the estate to be distributed and that it is necessary that an administrator *de bonis non* be appointed to complete the administration.

It should also be observed that on the same date the order of discharge of the executrix was made, July 21, 1934, the court made an order setting forth the heirs of the estate (including the widow and the remaindermen), and stating that each is "to share in the estate of Carl Kuhl, deceased, according to the will of record."

As the facts alleged in the petition are admitted, the only question presented is whether the court erred in sustaining the demurrer and in setting aside the order of the probate court in appointing an administrator *de bonis non*.

The will disposed of the real estate and personal property of the testator. The widow, Johanna, was to have the property during her natural lifetime, and at her death all the property remaining in her possession was to be divided among the grandchildren of the testator and his wife—one-half to be divided among three, and one-half among five of the grandchildren, or the survivors.

At the death of the life tenant the property "then remaining" in her possession was to go to the grandchildren. Appellees contend

this language gave the life tenant a power of sale. This is true, but the power was limited and restricted. If the rents and profits from the real estate and the income from the personal property were not sufficient for her comfortable support and maintenance she could encroach upon the corpus of the estate. The power of disposal was limited to consumption and maintenance. She had no power to make a gift of the property to third persons, or to some of the grandchildren to the exclusion of others named in the will. (*Pearson v. Orcutt*, 106 Kan. 610, 189 Pac. 160; same case, opinion denying a rehearing, 107 Kan. 305, 191 Pac. 286.) Neither could she dispose of the property by will. It was clearly not a testamentary power.

Although a will creates a life estate with a power to sell and convey the fee, it may at the same time limit a remainder after the termination of the life estate. (*Markham v. Waterman*, 105 Kan. 93, 181 Pac. 621.) Whether such remainder is vested or contingent is not affected by the power conferred by the will on the life tenant. If the power is exercised, nothing may be left to go to the remaindermen, but the remainder is not made contingent because it is uncertain whether the power will be exercised. The remainder may vest subject to being divested by the exercise of the power. (*Ducker et al., v. Burnham et al.*, 146 Ill. 9, 34 N. E. 558.) As all the remaindermen survived the life tenant, we are not called upon to determine whether the remainder was vested. Upon the death of Johanna Kuhl the remaindermen were entitled to the property not disposed of by her under the restricted power given her.

What then was the effect of the final settlement and order of discharge made on July 21, 1934? It was the duty of the executrix to make and return a true inventory of the assets of the estate. The petition alleges that this was done. It was the duty of the executrix to pay the debts and legacies. So far as appears, all the debts were paid. If there were legacies not mentioned in the seventh and eighth clauses of the will, so far as the record shows they were paid.

What further duties were to be performed by the executrix?

The petition alleged:

"5. That on the 2d day of February, 1939, Johanna Kuhl departed this life and that at the time of her death she had in her possession all of the real estate, personal property and mixed property described in the said above-mentioned inventory and appraisement, and had made no distribution of any of said property under the terms of the 7th clause or paragraph of said will and said property which had not been distributed nor fully administered upon was of the value of more than $10,000."

The life tenant was entitled to possession and use of the property, real and personal, during her lifetime. She was under no duty to make distribution under clause seven of the will during her lifetime to the children. Their possessory rights did not accrue until her death.

The petition further alleged:

"6. That on the 21st day of July, 1934, the said Johanna Kuhl, executrix, procured from the probate court above named an order approving as her final report a certain partial account theretofore filed, which account, together with the annual account theretofore filed by said executrix, wholly failed to mention in any manner certain personal property of the value of more than $5,000, which she then had in her hands and which was included in the inventory and appraisement theretofore filed, all of which said property remained in her hands on the date of her death above recited."

Having paid the debts and legacies, it was the duty of the executrix to pay over the residue of the personal property to the life tenant. The order of discharge recites: "Whereupon comes Johanna Kuhl, executrix, and files herein the receipt of Johanna Kuhl for the sum of money due her," etc. As the inventory set forth the property in her hands, the failure to specify the property to be delivered to herself as life tenant would seem immaterial. It was of no concern to any persons except the remaindermen, and they had notice of the extent of such property in the inventory.

Where an estate is not fully administered, or where assets are concealed or withheld by an executor or administrator, an administrator *de bonis non* to collect the remaining assets and complete the administration may be appointed. (*Price v. Carmean*, 136 Kan. 744, 18 P. 2d 197.) But in the case before us the assets have been neither concealed nor withheld. After the debts and charges were paid, the property was delivered to the life tenant. This was the duty of the executrix. Our statute does not require the estate of a testator to be kept open until the expiration of a life estate created by the will. In a proper case the law protects the owner of the future interest by demanding security from the present owner (*Blakely v. Blakely*, 115 Kan. 644, 224 Pac. 65), although this is not the rule where a life tenant has a power of sale. (3 Simes, Future Interests 5, § 615.)

Plaintiff alleged that the executrix never complied with the provisions of G. S. 1935, 22-931. That section provides that where an executor or administrator has paid or delivered the money or property in his hands as required by the order of distribution, he may

perpetuate the evidence of such payments in the manner provided in the statute. The statute is for the benefit of such official and his sureties. If final settlement has been made, failure to comply with this section would not keep the estate open. Other statutes discussed in plaintiffs' brief, not being within the issues raised in the pleadings, do not call for extended discussion.

The plaintiffs have ample remedy to partition and recover their interest in the estate, but they cannot open up an estate that has been fully administered and finally settled.

The judgment is affirmed.