BELLE MOTT, as Administratrix, etc., *Appellee*, v. ROY
E. LONG, Individually, and ROY E. LONG et al., as
Administrators, etc., *Appellants*.

No. 18,574.

SYLLABUS BY THE COURT.

1. "FACTORY ACT"—*Widow May Maintain Action for Death of
Husband.* If no personal representative has been appointed,
the widow may maintain an action against the owner or
operator of a manufacturing establishment for the death of
her husband, while employed therein, which is caused by the
wrongful omission of safeguards or precautions required by
the factory act.

2. ——— *Petition Amended—Limitation of Actions.* If, after
commencing such action in time, the widow be appointed
administratrix of her deceased husband's estate and she ac-
cordingly amends the petition more than two years after the
death, her action as administratrix is not barred by the two
years' statute of limitation.

Appeal from Montgomery district court. Opinion
filed June 7, 1913. Affirmed.

*S. H. Piper,* of Independence, for the appellants.

*Sullivan Lomax,* of Cherryvale, and *Thomas E. Wag-
staff,* of Independence, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action under the factory act.
Belle Mott, the appellee, is the widow of Tim Mott,
who it is alleged was killed September 28, 1909, while
operating a gas engine and grinding corn, etc., for
Long & Long. It was alleged in all the petitions, which
are substantially alike, that the owners of the mill, de-
fendants, carelessly refused and neglected to provide
any safeguards to prevent the employees from being
caught and injured in the belting and machinery, and
that Mott's hands were caught and that he was thrown
to the floor and killed while operating the machine;
also, "that said Tim Mott's death was caused solely by

reason of the wrongful and unlawful acts of said defendants in refusing and neglecting to safeguard the belting and machinery in and about said mill, as by law required."

The action was brought by the appellee, as widow, February 13, 1911, against S. M. Z. Long and Roy E. Long. Thereafter S. M. Z. Long died and Roy E. Long and H. G. Brown were appointed administrators of his estate and an amended petition was filed, setting forth the facts. The then defendants filed separate demurrers to the petition of the plaintiff, on the ground that there was a defect of parties plaintiff. The demurrers were sustained.

On January 18, 1912, Belle Mott was appointed administratrix of the estate of Tim Mott, and thereafter moved to be thus substituted as plaintiff, which was granted. February 17, 1912, as administratrix, she filed a second amended petition, to which the appellants separately demurred, first, that the petition did not state facts sufficient to constitute a cause of action; second, that the petition showed that it was not filed in the original action and, being filed more than two years after the death of Tim Mott, the action was barred. These demurrers were overruled.

Appeal is taken from the order substituting Belle Mott as administratrix for Belle Mott as an individual, and also from an order overruling the demurrers.

It is contended that the action by the administratrix is a new action and that it was commenced more than two years after the death of Tim Mott. Section 419 of the civil code provides the limitation for an action for death by wrongful act. As no limitation is separately provided in the factory act, this indicates an intent of the legislature to make this act supplementary to the earlier enacted wrongful act provision. Section 420 provides that when the deceased is a resident of the state and no personal representative has been appointed, the action may be maintained by the widow.

But one and the same cause of action is stated in the three petitions. So far as appears, the widow was alone interested in the recovery of damages. The action was commenced in time.

The factory act, as said in *Cheek v. Railway Co.*, 89 Kan. 247, 131 Pac. 617, relating to the statute therein involved, "takes its place among the provisions of the civil code relating to death by wrongful act, and the action may be prosecuted by the widow when no personal representative of the deceased has been appointed." (Syl. ¶ 1.)

(See, also, *Eidson v. Railway Co.*, 85 Kan. 329, 116 Pac. 485.)

The orders appealed from are both affirmed and the case is remanded for further proceedings.