No. 21,439.

LYDIA JEFFRIES, *Appellee,* v. THE FARMERS UNION CO-OPERA- TIVE MERCANTILE AND ELEVATOR COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. "FACTORY ACT"—*Widow May Maintain Action for Death of Husband.* The decision in the case of *Mott, Adm'x, v. Long,* 90 Kan. 110, 132 Pac. 998, holding that when no personal representative has been appointed a widow may maintain an action under the factory act for the death of her husband, approved and followed.

2. SAME—*Grain Elevator, a Factory Within "Factory Act."* A grain elevator, wherein grain coming from the farm in a raw state or condition is converted into an improved form by the processes of elevating, drying, cleaning, and mixing, is a factory, within the meaning of the factory act. (Gen. Stat. 1915, § 5892.)

3. SAME—*Widow May Not Compromise Action to Prejudice of Infant Child.* A cause of action for the death of a workman, arising under the factory act, may not be compromised by the widow to the prejudice of an infant child entitled to share in the damages recoverable.

Appeal from Rush district court; ALBERT S. FOULKS, judge. Opinion filed April 6, 1918. Affirmed.

*David Ritchie,* of Salina, for the appellant.

*H. L. Anderson,* of La Crosse, *Samuel Jones,* and *Ben Jones,* both of Lyons, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for death of the plaintiff's husband, prosecuted under the factory act. A demurrer to the petition was overruled, and a demurrer to a portion of the answer was sustained. The defendant appeals.

It is said the action was not maintainable by the widow of the deceased, and should have been prosecuted by a personal representative. The court held otherwise in the case of *Mott, Adm'x, v. Long,* 90 Kan. 110, 132 Pac. 998. An examination of the briefs in that case discloses that all the arguments now presented in favor of the exclusive right of a personal representative were then presented. The court is still of the opinion the legislature had in mind the subject of damages resulting from death occasioned by a violation of the factory act, and did not have in mind a differentiation of procedure by specifically limiting the right to sue to a particular party.

The plaintiff's husband was killed by catching his clothing on an unguarded setscrew in the main shaft of the defendant's elevator. It is contended the elevator, the machinery of which was operated by power from a gasoline engine, was not a manufacturing establishment within the meaning of the factory act. The allegations of the petition relating to the character of the establishment follow:

"In said elevator and by its elevator machinery it manufactures grades of wheat and grain other and different from the grain as actually received into said elevator. That said defendant purchases wheat from the farmers as grown in the fields of Rush county, and dumps the same into its said elevator in different bins, and thereafter mixes said wheat in said elevator, mixing the lighter weights and lower grades of wheat with higher grades and heavier wheat, thereby making a new and better grade

Jeffries v. Elevator Co.

of wheat by said mixture, and by said process of mixing it improves said lower grades of wheat and makes a new and different grade thereof. After receiving such wheat into said elevator it cleans the same and operates a cleaning machine in said elevator through which wheat purchased by it is caused to pass, and thereby the various shriveled grains, chaff, weed seeds, and other impurities are removed, and the said quality and weight of said grain are improved, and then said wheat is by means of machinery loaded into cars. That by the process of elevating said wheat which it purchases it improves the same by drying, mixing, and cleaning, and the changing the quality thereof, and manufactures from the wheat purchased by it new and better and different grades of wheat. That in such manner defendant carried on a manufacturing industry and establishment and factory, within the meaning of the factory laws of the state of Kansas and within the meaning of the Kansas factory act."

All establishments for the modification of natural products to adapt them to human needs are embraced in the act. (*Caspar v. Lewin,* 82 Kan. 604, 610, 109 Pac. 657.) Grain is not dealt in by individual kernels, but in bulk, by weight and grade, which are affected by a variety of conditions. Using the words of the statute, it is a "natural product" which comes from the threshing machine in a "raw . . . state or condition," and by processes of elevating, drying, cleaning, and mixing, is "converted" into an "improved . . . form." (Gen. Stat. 1915, § 5892.)

The defendant pleaded a settlement with the plaintiff whereby she agreed that if her husband's debts were paid, which was done, she would not sue. The plaintiff has a child entitled to share in the damages recovered. She prosecutes in a representative capacity, and the claim could not be compromised to the prejudice of the infant beneficiary.

The judgment of the district court is affirmed.