No. 21,439.

LYDIA JEFFRIES, *Appellee*, v. THE FARMERS UNION CO-OPERA-
TIVE MERCANTILE AND ELEVATOR COMPANY, *Appellant*.

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

1. WRONGFUL DEATH—*Personal Representative or Widow a Statutory Agent.* Under the factory act and related provisions of the code of civil procedure concerning death by wrongful act, the personal representative of the deceased, or the widow when no personal representative has been appointed and the deceased left a widow and a child or children, is a statutory agent to collect and distribute the damages recoverable, and possesses the powers and is charged with the duties of any other agent appointed to collect and distribute a fund.

2. SAME—*Widow's Authority to Bind Herself and Child by Settlement.* When the deceased left a widow and child, and no personal representative has been appointed, the widow may bind herself and child by receiving payment in money, without suit, for a fair, reasonable, and just sum, in good faith considered the proper amount of damages sustained; she may bind herself by settlement with the wrongdoer on any consideration satisfactory to her; but she may not bind her child, except by proportional payment of the character described.

3. SAME. By virtue of his or her control over litigation, the statutory agent may present to the court in which action has been brought, a stipulation for judgment embodying a fair adjustment of the controversy, and if the court, after judicial examination, approve it and enter judgment accordingly, the parties will be bound, and the distributees will be bound.

Appeal from Rush district court; ALBERT S. FOULKS, judge. Opinion on rehearing filed December 7, 1918. Former opinion adhered to. (For original opinion of affirmance see 102 Kan. 811.)

*David Ritchie*, of Salina, for the appellant.

*H. L. Anderson*, of La Crosse, *Samuel Jones*, and *Ben Jones*, both of Lyons, for the appellee.

*William R. Smith, Owen J. Wood*, and *Alfred A. Scott*, all of Topeka, as *amici curiæ*.

Jeffries v. Mercantile and Elevator Co.

The opinion of the court was delivered by

BURCH, J.: The plaintiff as widow sued for damages for the death of her husband, occasioned by wrongful act of the defendant. The defendant pleaded a settlement with her, by the terms of which she agreed not to sue if the defendant paid her husband's debts, which the defendant did, in the sum of about $5,000. A demurrer was sustained to this defense. On appeal the defendant devoted a single paragraph of its brief to the ruling, the substance of which was that if the plaintiff could sue and recover in her own right, it would be hard to see why she would not have the right to settle, on fair and just terms. In the former opinion the subject was disposed of with equal brevity:

"The plaintiff has a child entitled to share in the damages recovered. She prosecutes in a representative capacity, and the claim could not be compromised to the prejudice of the infant beneficiary." (102 Kan. 811, 813.)

Because the opinion might not be sufficiently definite for the guidance of the district court, and might be open to misinterpretation in other cases, a rehearing was granted, and the cause has been reargued.

The action was prosecuted under the factory act (Gen. Stat. 1915, § 5890), which, as indicated in the former opinion, takes its place among the provisions of the code of civil procedure relating to death by wrongful act. The nature and object of the several statutes are well understood. The death causes loss to the widow, or widow and children, or next of kin, and they are given the right to reparation. The loss is theirs, and not the loss of the deceased or of his estate. The damages recoverable form no part of the estate of the deceased, but inure to the exclusive benefit of those who have been damnified, and when recovered are shared by them according to the rule for the distribution of personal property of intestates. The remedy is by action. If a personal representative of the estate of the deceased has been appointed, he is plaintiff. If no personal representative has been appointed, the widow may sue, and if there be no widow, then the next of kin. (Civ. Code, §§ 419, 420.) If the suit be brought by the personal representative, he does not act on behalf of the estate he is administering, or for

its benefit; he acts solely on behalf of the distributees, and for their benefit. Likewise the widow, if there be a widow and children and no personal representative, acts on behalf of and for the benefit of the distributes. In either case the plaintiff is an agent arbitrarily designated by the statute to collect the damages and make distribution to the persons entitled to them. A widow suing for herself and children is a distributee, as well as plaintiff in the action.

The powers of the statutory agent are the powers of any other agent appointed to collect and distribute a fund. He may receive payment without suit, because satisfaction is all the law contemplates, and for the same reason he may receive payment pending suit. The limit of recovery is $10,000, and if the wrongdoer stand ready to pay that sum, there is no occasion for litigation. If the damages sustained be less than the maximum, and the wrongdoer stand ready to pay, there is no occasion for litigation. If suit be brought, the statutory agent has the same control over procedure as any other plaintiff.

The limitations on the power of the statutory agent are the same as the limitations on the power of any other agent to collect and distribute a fund. He must act in the utmost good faith. Notwithstanding the fact the damages are unliquidated, he may receive payment. Differences of opinion may exist as to the proper amount of recovery. In that event he must act fairly and reasonably and justly. Having so acted, the distributees will be bound. He cannot accept anything but money in payment, because his authority is to collect money, and not substitutes or things which he may deem equivalents.

The statutory agent is not vested with general discretionary power; his power is limited to collection and distribution. Under the principle of agency that authority to collect does not include authority to compromise, and such authority must be specifically conferred, he cannot compromise in the sense of giving and taking, or in the sense of accepting something to close a dispute, uncertain as to result because of the law, or facts, or other consideration; but by virtue of his control over litigation, the statutory agent and plaintiff may present to the court in which action has been brought a stipulation for judgment embodying a fair adjustment of the controversy, and if the court, after judicial examination, approve it and enter

judgment accordingly, the parties will be bound, and the distributees will be bound.

The wrongdoer may safely deal with the statutory agent, acting reasonably and justly and in good faith and within the scope of his authority, but not otherwise. Having so dealt, and having satisfied his liability by payment, the wrongdoer is discharged, and will be protected in his discharge.

The sole purpose of the statute being reparation for injury sustained, any of the persons injured, having capacity to contract, may settle at any time with the wrongdoer for his own share of the damage money.

There are other interesting phases of this subject, and there is a growing number of cases relating to it, decided by the courts of other states. It is not necessary to discuss them. In the last analysis the question is one of statutory interpretation, and when once the nature and object of the statute, and the status of the person authorized to enforce the liability, have been defined, the solution of particular cases will not be difficult.

From what has been said it follows that the plaintiff could bind herself by settlement with the defendant on any consideration satisfactory to her; but she could not bind her child by the character of settlement which she did make.

The child was a posthumous child. It was deprived of paternal support and nurture just as much as if it had been born before its father's death. If its mother had also died, it would have been next of kin to the father, and could have prosecuted the action as such.

The former opinion and judgment are adhered to; but the cause is remanded to the district court, with instruction to disregard the demurrer to the answer, so far as the interest of the widow as distributee is concerned.