Brownlee v. Bliesner.

---

No. 26,413.

ANN BROWNLEE, *Appellant,* v. FRED BLIESNER, *Appellee.*

SYLLABUS BY THE COURT.

1. GIFTS—*Evidence—Weight and Sufficiency.* The evidence relating to the existence of an indebtedness by the defendant to the plaintiff examined and held to be sufficient to sustain the verdict of the jury.

2. PLEADINGS—*Denials and Affirmative Defenses.* Where defendant in his answer denied the existence of the indebtedness, and in another paragraph alleged the defense that if he ever owed the plaintiff the debt claimed by plaintiff it had been fully paid, proof of payment may properly be admitted.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed January 9, 1926. Affirmed.

*John J. Riling* and *Edward T. Riling,* both of Lawrence, for the appellant.
*George K. Melvin* and *R. E. Melvin,* both of Lawrence, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This appeal was taken from a judgment against the plaintiff Ann Brownlee, in which she sought a recovery upon an alleged loan of $1,000 made to the defendant, Fred Bliesner, on May 26, 1913. She alleged that a loan was made at that time and that defendant promised to execute a promissory note to her for the amount loaned and to secure it by a mortgage on certain property in Lawrence, where the parties resided, but that defendant

Gifts, 28 C. J. p. 684 n. 53. Money Lent, 27 Cyc. pp. 829 n. 38, 830 n. 39. Pleading, 31 Cyc. pp. 82 n. 11, 151 n. 39, 152 n. 44.

failed to execute the note and mortgage as he had agreed to do. She alleged, however, that he paid interest on the loan annually up until April 1, 1923, but since that time he had refused to pay either the interest or the principal of the loan. Defendant answered, first, with a general denial; second, that if he ever owed plaintiff the sum mentioned, it had been paid in full; third, that if plaintiff ever had a cause of action on the loan, it was barred by the two-year statute of limitations; and fourth, that more than three years had elapsed since plaintiff's cause of action accrued, and therefore it was also barred by the three-year statute of limitations. At a trial of the issues thus formed, the jury returned a verdict for the defendant.

The plaintiff insists that the loan was fully established by the evidence, that the receipt of the amount was admitted and the existence of indebtedness was also recognized by defendant paying interest thereon for a period of years, and therefore she was entitled to a recovery. It appears that the defendant married plaintiff's daughter, and he produced testimony to the effect that after their marriage the defendant and his wife were proposing to build and occupy a home about a mile from plaintiff's house, and that plaintiff objected to their going so far from her home, and proposed that if they would buy the adjoining house she would make them a gift of $1,000 towards the purchase of the same. After some discussion, the offer was accepted and the house purchased. The plaintiff raised the $1,000 which was paid by mortgaging a property owned by her, and when the home was purchased adjoining that of plaintiff the title of the same was placed in the name of plaintiff's daughter. In explanation of the payment of interest by defendant, he stated that after the gift was made his wife said to him that she wished him to pay the interest accruing on her mother's mortgage, and that he acceded to her request. His testimony was that the interest was paid, not on any loan, but as a gratuity upon the mortgage made by the plaintiff, and that in no way had he recognized the gift as a loan. There is a direct conflict in the testimony of the parties upon the question, but it is quite apparent that there was testimony sufficient to show that the money furnished to defendant and her daughter was a gift rather than a loan.

. Plaintiff complains of the admission of evidence relating to payment under the answer which it is said is nothing more than a general denial. As shown the answer contained, aside from a general denial an allegation that if defendant ever owned the plaintiff money

Brownlee v. Bliesner.

it had been fully paid. A defendant is entitled to plead as many defenses as he may have. (R. S. 60-710.) There is no real inconsistency in the defenses, and it was competent for the defendant to form his pleadings so as to meet the possible conditions and contingencies of the case that his opponent might prove. (*Light Co. v. Waller,* 65 Kan. 514, 70 Pac. 365; 31 Cyc. 151.) The answer was not attacked for inconsistency of defenses or for uncertainty or indefiniteness, nor did plaintiff ask that defendant be required to elect between defenses. No question was raised as to the sufficiency of the answer until an objection to testimony was made, and under such objection the pleading is to be liberally construed. Aside from the plea of payment plaintiff had alleged nonpayment of the debt, and also as a witness had testified in respect to payment. We think no material error was committed in receiving the evidence as to payment.

Evidence was introduced to the effect that plaintiff had obtained property of the defendant of a certain value, and this was introduced under the pleaded defense of payment and not as a ground of recovery against plaintiff. No affirmative relief was asked by defendant, and the court guarded the plaintiff's interest in this respect by advising the jury:

"If you arrive at the conclusion that it was a loan, and something that Bliesner owed to Mrs. Brownlee, then the next matter that you should consider would be whether or not he has paid any of that. The only way, I think, so far as the evidence goes, that he could have paid it, was by reason of the fact that Mrs. Brownlee may have taken property that belonged to him. If she did that, he would be entitled to credit for whatever the fair, reasonable value of that property that she took was.

"If you arrive at the conclusion that this was a gift, either to Bliesner or his wife, that would end your consideration of the case, and your verdict should be for the defendant."

Objections are made to the other items of evidence, but we find nothing material in them nor in the complaint as to the instructions.

The judgment is affirmed.