No. 39,611

Esther Maxine Shuffelberger, *Appellee*, v. Tommy Hopkins, *Appellant*.

(280 P. 2d 933)

Opinion filed March 5, 1955.

*Eldon L. Meigs*, of Pratt, argued the cause and was on the briefs for the appellant.

*George Barrett*, of Pratt, argued the cause and *Richard Barrett*, of Pratt, and *Harold Herd*, of Coldwater, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action to recover damages alleged to have been sustained when an automobile plaintiff was driving collided with one being driven by defendant. The defendant filed his answer and cross petition. Plaintiff's motion to strike allegations from these was sustained in part. Defendant has appealed.

The petition was in two causes of action. The first alleged plaintiff was driving south on a highway surfaced with macadam and 26 feet wide, smooth and level, at a speed of 25 miles an hour, in a lawful manner on the right-hand side of the road; that defendant was driving north in excess of 60 miles an hour; when the automobiles approached each other, defendant without warning turned his automobile into his left-hand side of the road and his automobile crashed into plaintiff's automobile, injuring him. The petition enumerated seven acts of negligence

of defendant. In this count plaintiff asked damages to his person. Count 2 was to recover damages to his automobile.

The answer was first a general denial. Defendant then alleged that at the time of the collision he was driving his car with ordinary care and prudence and at a reasonable speed; that the damage to plaintiff was not caused by negligence of defendant but was the result of negligence of plaintiff, which was the sole and proximate cause of plaintiff's injuries; for further defense the answer alleged that the injuries of plaintiff were not caused by negligence of defendant but were due to an unavoidable accident over which defendant had no control. The answer then alleged a dog had darted into the street into defendant's car and it was thrown out of control by the force of the impact and was struck by plaintiff's car.

For a cross petition the defendant first made the allegations of the answer a part. It then alleged his marriage; that at the time of the collision and death of Myrtle Hopkins defendant and she had been husband and wife; that two children were born of the union and the action was brought for the exclusive benefit of defendant as surviving spouse of the deceased wife and for the benefit of her two minor children; that this was one of the causes of action which survives by virtue of G. S. 1949, 60-3201; that Myrtle Hopkins was riding in a car going north on Highway 24 at the time of the collision involved; that plaintiff was proceeding south in her car at a speed of 40 miles an hour and as they were about to pass they suddenly collided with one another, and as a result Myrtle was thrown out of the car in which she was riding and killed.

The cross petition then alleged the plaintiff was guilty of negligence in driving her car directly into the front of the automobile in which deceased was riding; in failing to stop, slow down or apply her brakes after she became aware of the impending danger so as to avoid the collision; in failing to turn the automobile she was driving to the right so as to avoid the collision; in operating her automobile in such a manner that she did not have proper control of it so as to avoid the accident; in operating her automobile improperly considering the use of the highway at the particular time; that one or more of the above acts of negligence were the sole or concurrent and proximate cause of the resulting death of Myrtle; that by reason of

the negligence of the plaintiff the automobile in which Myrtle was riding was struck by plaintiff's vehicle with such force and violence that she was thrown from it and sustained injuries from which she died.

The cross petition then described the loss and bereavement, marital care, loss of society and advice and counsel suffered by defendant and the minor children.

Judgment was asked for $15,000 for the exclusive benefit of himself and the minor children.

To this pleading the plaintiff filed a motion to make definite and certain and to strike. The motion to make definite and certain was overruled in part and sustained in part. The motion to strike was sustained in part. The appeal of defendant is from that order. The trial court ordered stricken from the answer all of the paragraph of the answer wherein defendant alleged the collision was the result of an unavoidable accident or in the alternative the paragraph in the cross petition, where the negligence of plaintiff was alleged as a defense of contributory negligence. In other words, the trial court compelled the defendant to elect between pleading unavoidable accident as a defense and pleading elsewhere in his answer and cross petition that the negligence of plaintiff caused the accident or contributed thereto.

The trial court also in its order ruling on the motion to strike, ordered stricken the allegations in the cross petition where defendant alleged the birth of the two children and ordered the prayer for relief to be limited to $7,500 rather than $15,000.

The defendant states the specification of errors to be that the trial court erred in holding that he must elect between pleading unavoidable accident as a defense and pleading elsewhere in his answer and cross petition that the negligence of the plaintiff caused the accident or contributed thereto, and erred in holding an action for wrongful death could not be brought in the name of the surviving husband for the exclusive benefit of himself and minor children where the deceased left surviving her a husband and minor children and no personal representative had been appointed for the decedent.

G. S. 1949, 60-710, provides in part:

"The defendant may set forth in his answer as many grounds of defense, counterclaim, setoff and for relief as he may have, whether they be such as have been heretofore denominated legal or equitable, or both."

We have held pursuant to this statute, the defendant was entitled to plead as many defenses as he might have. (See *Brownlee v. Bliesner*, 120 Kan. 145, 242 Pac. 453; *Drewicki v. Fidelity & Guaranty Fire Corp.*, 157 Kan. 569, 142 P. 2d 806; *Phillips v. Hartford Accident & I. Co.*, 157 Kan. 581, 142 P. 2d 704; also *Giltner v. Stephens*, 163 Kan. 37, 180 P. 2d 288.) In the latter case the defendant set up four different defenses, that is, assumption of risk, unavoidable accident, negligence of a co-servant and plaintiff's own negligence. The trial court overruled a motion of plaintiff to require the defendant to elect. On appeal we said:

" 'The defendant may set forth in his answer as many grounds of defense, counterclaim, setoff and for relief as he may have, . . .' "

Plaintiff relies in a large measure upon what we held in that opinion, that is, he argues, this is an action where proof of the allegation of unavoidable accident would disprove the allegations of contributory negligence of the plaintiff or the converse; that proof of the contributory negligence of plaintiff would disprove the allegation of unavoidable accident.

We cannot follow plaintiff in this argument. This appeal is here on the pleadings. It is all a matter of showing to the jury the ultimate facts. It will be the duty of the trial court to instruct the jury on all the issues. If the parties wish they may propound questions to the jury on every issue. It will be the duty of the jury to weigh the evidence and find whether defendant was negligent; whether plaintiff was negligent or whether the collision was due to an unavoidable accident, all pursuant to the instructions of the trial court. Whether evidence of one disproves the other is a matter for the jury. In *Phillips v. Hartford Accident & I. Co.*, *supra*, the answer alleged first, there was no valid contract of insurance, and second, if there was one, it had been voided by the plaintiff. The trial court refused to require the defendant to elect. We said:

"We find no error in the order overruling the motion to require an election of defenses. The motion was made before appellant introduced his evidence . . ."

The test of inconsistency on defenses is whether proof of one necessarily disproves the other. The trial court erred in ordering the defendant to either strike the allegations of unavoidable accident from his answer or those of plaintiff's negligence from his cross petition.

We go now to consideration of the trial court's order striking the reference to the defendant's minor children from the cross petition and reducing the amount of the prayer from $15,000 to $7,500.

All concede this is an action brought pursuant to the terms of G. S. 1949, 60-3203 and 3204, commonly known as the wrongful death statute. The plaintiff argues that G. S. 1949, 60-3203 limits the right to maintain the action to the personal representative of the deceased, while G. S. 1949, 60-3204 authorizes the husband and children as next of kin to maintain the action in their own individual capacity. He argues that the right to maintain the action at all is statutory and may be maintained only in the name of the person in whom the right is vested by statute. Hence the husband could maintain the action for $7,500 only and the children must maintain the action for $7,500 in their own name.

This argument calls for an examination of the history of the statute. G. S. 1949, 60-3203 first was enacted in 1868. (See G. S. 1868, Chap. 80, Sec. 422.) It provided as follows:

"When the death of one is caused by the wrongful act or ommission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed ten thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

Under that section the action had to be brought in the name of the personal representative of the deceased.

In 1889, what was to become G. S. 1949, 60-3204, was enacted. (See Laws of 1889, Chap. '132, Sec. 1.) It provided as follows:

"That in all cases where the residence of the party whose death has been or hereafter shall be caused as set forth in section 422 of chapter 80, laws of 1868, is or has been at the time of his death in any other state or territory, or when, being a resident of this state, no personal representative is or has been appointed, the action provided in said section 422 may be brought by the widow, or where there is no widow, by the next of kin of such deceased."

It will be seen pursuant to this section the action could be brought by the personal representative of the decedent or the next of kin where there was no personal representative. Outside of the non-residence features, with which we are not concerned, the purpose of this enactment was to provide that the right of

action should not lapse by reason of the nonappointment of a personal representative.

In 1947, what is now G. S. 1949, 60-3203, was amended in two particulars. (See Laws of 1947, Chap. 319, Sec. 1.) These were to increase the amount of recovery from $10,000 to $15,000 and a provision that the damages recovered must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased. The earlier statute had provided the personal representative could maintain the action and the damages must inure to the exclusive benefit of the widow and children, rather than to the surviving spouse and children, if any, or next of kin. It will be seen the new section is broader than the earlier one. On the question with which we are concerned we held in *Berry v. K. C. Ft. S. & M. Rld. Co.*, 52 Kan. 759, 34 Pac. 805, that a widow could bring an action under the statute in her own name for the benefit of herself and minor children. We said:

"§422a merely provides how that action may be enforced for the benefit of families of persons so killed, when the residence of the deceased person, at the time of his death, is in another state, or when no personal representative has been appointed."

See *Jeffries v. Elevator Co.*, 102 Kan. 811, 176 Pac. 631. There a widow brought suit for damages on account of the death of her husband. The defendant's demurrer to the petition was overruled and the defendant appealed. We held first the action could be maintained by the widow and need not be brought by a personal representative. In addition we held:

"A cause of action for the death of a workman, arising under the factory act, may not be compromised by the widow to the prejudice of an infant child entitled to share in the damages recoverable."

There we said:

"The defendant pleaded a settlement with the plaintiff whereby she agreed that if her husband's debts were paid, which was done, she would not sue. The plaintiff has a child entitled to share in the damages recovered. She prosecutes in a representative capacity, and the claim could not be compromised to the prejudice of the infant beneficiary."

A rehearing was granted on this one fact.

In *Jeffries v. Mercantile and Elevator Co.*, 103 Kan. 786, 176 Pac. 631, we held:

"Under the factory act and related provisions of the code of civil procedure

concerning death by wrongful act, the personal representative of the deceased, or the widow when no personal representative has been appointed and the deceased left a widow and a child or children, is a statutory agent to collect and distribute the damages recoverable, and possesses the powers and is charged with the duties of any other agent appointed to collect and distribute a fund."

In the opinion we emphasized the rule that the action was brought for the benefit of the widow and the child and she acted for herself and children. It will be noted G. S. 1949, 60-3204, provides for the action being brought by the widow or next of kin of the deceased, where no personal representative has been appointed. This action was brought by the surviving husband of the deceased wife. The preceding section, G. S. 1949, 60-3203, provides the damage must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin. G. S. 1949, 77-201, third subparagraph, provides in part:

". . . words importing the masculine gender only may be extended to females."

By analogy we have no hesitancy in holding this requires the word "widow" in G. S. 1949, 60-3204, to be construed to mean "surviving husband." Certainly the word "spouse" in the preceding section refers to either "wife" or "husband" whichever survives. Since that be true, it is unthinkable that the legislature would have in the following section failed to provide that the action might be brought by the surviving husband for the benefit of the children, as well as by the widow, next of kin or personal representative. See *Fuller v. Atchison, T. & S. F. Rly. Co.*, 124 Kan. 66, 257 Pac. 971. There we were considering an analogous situation and said:

"By analogy of the statute relating to meaning of words denoting gender (R. S. 77-201, *Third*), widow would include surviving husband."

The plaintiff does not actually contend the husband cannot maintain an action in his own name for his own benefit for one half the $15,000 or $7,500. He argues only that he cannot maintain the action in his own name for the benefit of himself and the children. We have demonstrated such is not the law. It follows the trial court erred in ordering the reference to the minor children stricken from the cross petition.

The judgment of the trial court is reversed, with directions to overrule the plaintiff's motion to strike and to proceed with the trial of the cause.