## No. 41,074

DeWain Kimberly, Sr.; Jeannette Kimberly, a minor; Carol Ann Kimberly, a minor; DeWain Kimberly, Jr., a minor; Jackie Dean Kimberly, a minor; and Donnie Lee Kimberly, a minor, by DeWain Kimberly, Sr., their father, as natural guardian and next friend, *Appellees,* v. Ira Ledbetter, *Appellant.*

(331 P. 2d 307)

Opinion filed November 8, 1958.

*Roy L. Rogers* and *Pat Warnick*, of Wichita, were on the briefs for appellant.

*George Barrett* and *Richard Barrett*, of Pratt, were on the briefs for appellees.

The opinion of the court was delivered by

FATZER, J.: This appeal is from an order overruling a demurrer to the petition.

The plaintiffs are the surviving spouse and five minor children of Alice Kimberly, deceased, and seek to recover damages for her wrongful death. The petition states the subject matter of the action to be:

"That on the 10th day of February, 1957, the defendant performed an operation upon Alice Kimberly, with the intent and for the purpose of causing an abortion or miscarriage by the said Alice Kimberly, although it was not necessary to preserve her life, neither had it been advised by a physician as necessary for that purpose.

"That the defendant was a veterinarian, and in performing the operation on Alice Kimberly used a veterinary's instrument known as a milk tube, and used said instrument in the performance of the operation in such a grossly careless, wanton, negligent and unskillful manner as to puncture, rupture, lacerate and tear her placenta, thereby causing an embolism to be formed, which in a short time after the performance of the operation caused the death of the said Alice Kimberly.

"That the sole and proximate cause of the death of the said Alice Kimberly was the grossly careless, wanton, negligent and unskillful manner in which the defendant performed the operation as hereinbefore stated."

The parties agree that the sole question presented is whether, had Alice Kimberly lived, she could have maintained the action against the defendant. The defendant contends that unless some special circumstance intervened, such as deceit or minority, no recovery may be had for injury or death of a woman who submits to an abortion; that plaintiffs' decedent, a mature married woman, was guilty of moral turpitude and participated in the violation of a general anti-abortion statute (G. S. 1949, 21-437) enacted to effectuate a public policy; that at common law, consent to an illegal act foreclosed all remedy to the participant against one injuring him, and that plaintiffs have no greater right to maintain the action than their decedent would have had. This question was disposed of adversely to the defendant's contention by this court in *Joy v. Brown*, 173 Kan. 833, 252 P. 2d 889, where, in the course of the opinion, it was said:

". . . We are of the opinion that no person may lawfully and validly consent to any act the very purpose of which is to destroy human life. We shall not dwell on the thought that such consent as was given preceded any

act of the appellee to perform the illegal operation, and at most was no consent to the doing of the act in the manner alleged in the petition. We have no hesitancy in holding that had Joy M. Joy survived she could have maintained an action for any damage she may have sustained, and that a result fatal to her having occurred, her next of kin may maintain an action for her wrongful death." (l. c. 839, 840.)

The fact that the abortion statute is criminal in character and the state may redress the wrong to society by a criminal prosecution against the person who performs the unlawful act, does not mean that a woman upon whom the abortion is negligently performed, or her heirs, or next of kin, is without remedy. The wrongful death statute (G. S. 1949, 60-3203) was enacted to inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin (*Shuffelberger v. Hopkins,* 177 Kan. 513, 280 P. 2d 933), and is for their protection when wronged by a proximate negligent act killing their decedent. Their right of action against the defendant should not be denied because their decedent unlawfully consented to the abortion. (*Joy v. Brown,* supra, pp. 839, 840.)

As in any other action, the burden rests upon the plaintiffs to prove the negligence alleged as constituting the proximate cause of the wrongful death. If they sustain that burden, the cause of action, which inures to them, is not barred simply because the criminal law makes the defendant punishable for his performing the abortion. (*Joy v. Brown,* supra.) The defendant remains civilly liable for damages for negligence which was the proximate cause of death.

The defendant directs our attention to cases cited in the annotation in 21 A. L. R. 2d 369, and particularly stresses *Miller v. Bennett,* 190 Va. 162, 56 S. E. 2d 217, 21 A. L. R. 2d 364. A review of these authorities will not here be made since they were carefully considered by this court in *Joy v. Brown,* supra, reference being made to that opinion. The simple import of defendant's contention is that the Joy case be overruled. No sound reason has been advanced to overthrow that decision, and we adhere to its holding.

The trial court did not err in overruling defendant's demurrer, and its order is affirmed.

It is so ordered.

PRICE, J., dissenting: I adhere to my dissent in *Joy v. Brown,* 173 Kan. 833, 252 P. 2d 889.

Under the wrongful-death statute (G. S. 1957 Supp. 60-3203)

an action may be maintained by the next of kin *only* in cases where the deceased, had death not occurred, could have maintained an action against the alleged wrongdoer.

The deceased, having consented to and participated in the illegal and unlawful act, could not have maintained an action for the consequences of such act, even though negligently performed, had she lived. Such being the case, her next of kin cannot maintain this action.

In my opinion the demurrer to the petition should have been sustained.