No. 42,850

HAROLD ELLIS, As Next of Kin of Harold Warren Ellis, Deceased, *Appellee*, v. CLAUDE ELLISON SILL, HENRY MARTELL, RICHARD TEICHGRAEBER, and HENRY MARTELL and RICHARD TEICHGRAEBER d/b/a EUREKA DRILLING COMPANY, *Appellants*.

(374 P. 2d 213)

Opinion filed August 28, 1962.

*Gerald Sawatzky,* of Wichita, argued the cause, and *George Forbes,* of Eureka, and *George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, Robert N. Partridge, Robert M.*

*Siefkin, Richard C. Harris, Donald L. Cordes* and *Robert L. Howard,* all of Wichita, were with him on the brief for the appellants.

*O. J. Connell, Jr.,* and *Gale Moss,* both of El Dorado, argued the cause and were on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an action for wrongful death. Defendants have appealed from an order overruling their demurrer to the petition.

The primary question presented is this:

Under our wrongful-death statute—where no personal representative of the decedent has been appointed—and where the decedent leaves no surviving spouse—are all of the next of kin of decedent indispensable parties to the action?

G. S. 1961 Supp. 60-3203, in material part reads:

"When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter or his personal representative if the former might have maintained an action had he lived against the latter for an injury for the same act or omission. The action must be commenced within two (2) years. In any such action, the court or jury may award such damages as may seem fair and just under all the facts and circumstances, but the damages cannot exceed twenty-five thousand dollars ($25,000) *and must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased. . . .*" (Our emphasis.)

G. S. 1949, 60-3204, reads:

"That in all cases where the residence of the party whose death has been or hereafter shall be caused as set forth in the next preceding section is or has been at the time of his death in any other state or territory, or when, being a resident of this state, *no personal representative is or has been appointed,* the action provided in said section *may be brought* by the *widow,* or where there is *no widow* by the *next of kin* of such deceased." (Our emphasis.)

We are not concerned with allegations of negligence on the part of defendants. Material portions of the petition read:

"Comes now the *plaintiff* and for *his* cause of action against . . . sets out, states and alleges:

"1. That he is a resident of Lyon County, Kansas, and that his correct post office address is Emporia, Kansas.

"2. That he was the *father* of Harold Warren Ellis, deceased, and that on August 25, 1959, and at all times pertinent hereto, said Harold Warren Ellis was of the age of 14 years; *that no personal representative has been appointed* for the Estate of said Harold Warren Ellis, deceased, *and that this action is brought by plaintiff as next of kin of said decedent for the exclusive benefit of the next of kin of said deceased.*

"3. That on said date, plaintiff and his said son were residents of Madison, Greenwood County, Kansas.

. . . . . . . . . . . . . .

"16. That the deceased, Harold Warren Ellis, left surviving him as his *next of kin* and only heirs at law, *this plaintiff and the mother of said deceased,* whose name, to the best knowledge and belief of plaintiff, is Florence Ellis and whose address is unknown to the plaintiff.

. . . . . . . . . . . . . .

"18. *That this plaintiff and the next of kin* of said Harold Warren Ellis *have suffered damage* by reason of the untimely death of said deceased in the following particulars, to-wit:

. . . . . . . . . . . . . .

"(e) Such other pecuniary loss, not previously mentioned herein, *as plaintiff and deceased's next of kin* might reasonably expect to receive from said decedent in their declining years.
All in the total amount of twenty-five thousand dollars ($25,000.00).

"Wherefore, plaintiff prays that *he* have judgment, *for the exclusive benefit of the next of kin* of Harold Warren Ellis, deceased, against defendants, . . . in the sum of Twenty-five Thousand Dollars ($25,000.00), for the wrongful death of Harold Warren Ellis and for his costs herein incurred." (Our emphasis.)

We thus have a situation where a 14-year-old boy died as the result of the alleged negligence of defendants. No personal representative of his estate was appointed. At his age he of course left no surviving spouse. His "next of kin" were his father and mother, and her whereabouts is unknown. The father, as sole plaintiff, brought the action to recover the maximum amount allowed by statute—for the "exclusive benefit of the next of kin" of the boy—that is—for the benefit of plaintiff father and the boy's mother.

Defendants filed their demurrer as follows:

"Come Now the defendants and demur to the petition of the plaintiff wherein the petition seeks to recover in excess of 12,500.00 dollars for the reason that said petition shows on its face that the cause of action is not maintained by all of the next of kin of the decedent and by law the plaintiff, if he can recover anything, is limited to 12,500.00 dollars."

The demurrer was overruled—and defendants have appealed. They state the questions to be:

"1. Where no administrator has been appointed, and there is no surviving spouse of deceased, are all next of kin *indispensable parties* in a wrongful death action under G. S. 1949, 60-3204?

"2. In the event all next of kin are not indispensable parties, can plaintiff sue for more than his one-half portion of the maximum claim for wrongful death?"

With respect to the *first* question—defendants' contentions are summarized:

(1) The word "widow" as used in 60-3204, above, means "surviving spouse," and includes a "widower" (*Shuffelberger v. Hopkins,* 177 Kan. 513, 519, 280 P. 2d 933). The phrase "next of kin" of a decedent means those who inherit from him under the law of descents and distributions (*Railway Co. v. Ryan,* 62 Kan. 682, 64 Pac. 603). The next of kin of a decedent leaving no spouse, children, or issue—are his parents (G. S. 1949, 59-507).

(2) Under 60-3203, above, an action for wrongful death may be brought only by the personal representative of the decedent. 60-3204 was subsequently enacted to preserve the remedy in case there is no personal representative (or in case of nonresidence of the decedent), and by its terms—absent a personal representative—the action may be brought by the widow or—where there is no widow—by the next of kin of the decedent. In any event, under 60-3203, the damages "must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin," to be distributed in the same manner as personal property of the decedent.

(3) There are, therefore, three classes of parties who are authorized to bring a wrongful-death action: (A) The personal representative of the decedent who brings it for the exclusive benefit of the surviving spouse and children, if any, or for the exclusive benefit of the next of kin. In such a situation he is the statutory representative of the mentioned beneficiaries—the surviving spouse and children, if any, or the next of kin. (B) The surviving spouse—in the event there is no personal representative—and in that situation such spouse is the statutory representative of the children, if any (*White v. Atchison, T. & S. F. Rly. Co.,* 125 Kan. 537, 539, 265 Pac. 73, 59 A. L. R. 749). (C) The next of kin—where there is neither a personal representative nor a surviving spouse.

(4) When the action is brought by the personal representative (class A), or by the surviving spouse (class B), the statutory beneficiaries so represented need not be made parties. When, however, the action is brought by the next of kin (class C) there is no statutory representative provided for by which one person can represent and bind the interest of others in that classification, and, as only one action is permitted against an alleged wrongdoer for a single wrongful death, it follows that *all* next of kin must be parties to the

action in order to have their joint interest litigated and bound, citing G. S. 1949, 60-412, which reads:

"Of the parties to the action, those who are united in interest must be joined, as plaintiffs or defendants; but if the consent of one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason being stated in the petition."

and *Price v. Carmean,* 136 Kan. 744, 18 P. 2d 197, where it was held:

"Where there is a unity of interest in a number of parties in a cause of action, all should be joined as plaintiffs or defendants, and if any party so interested will not consent to join as plaintiff he may be made defendant, the reason being stated in the petition." (syl. 3.)

and *City of Eureka v. Merrifield,* 53 Kan. 794, 37 Pac. 113, where it was said:

". . . An action for injury resulting in death is maintainable only by the person who is, by the terms of the statute, authorized to maintain it. If the little boy who was drowned in the vault had been a nonresident of this state at the time of his death, or if, since his death, no administrator has been appointed for his estate, an action would be maintainable under § 422a, by his parents, as next of kin." (p. 797.)

and *E. G. Nicholas Const. Co. v. State Industrial Commission,* 207 Okla. 428, 250 P. 2d 221, in which, speaking of an action for wrongful death, it was said that if there be neither a personal representative nor widow the action must be prosecuted by the next of kin, *all* of whom are necessary parties (p. 429).

With respect to the *second* question presented—defendants contend:

(1) In a wrongful-death action the statute has set $25,000 as the maximum amount of recovery. Here the plaintiff father—and the mother—are the next of kin of their deceased son. Under the statute of descents and distributions (G. S. 1949, 59-507) each parent has a one-half interest in the cause of action—and, the father being the only party to the action—therefore is at best the real party in interest *only* as to his one-half interest—and therefore he, individually, can sue for and recover no more than one-half of the maximum recoverable—$12,500.

Concerning the last-mentioned point, plaintiff questions whether defendants' demurrer reaches the issue involved—citing *Finkenbinder v. Dreese,* 188 Kan. 544, 363 P. 2d 465, in which it was held:

"The mere fact that a petition seeks to recover more or different relief from that to which plaintiff may be entitled does not make the petition demurrable if it otherwise states a cause of action." (syl. 1.)

As to the *first* and primary question presented—where no personal representative has been appointed and there is no surviving spouse of decedent—whether *all* next of kin are indispensable parties in a wrongful-death action—plaintiff's contentions in support of the overruling of defendants' demurrer to the petition are summarized:

(1) The statute (60-3204) provides that—lacking a personal representative the action may be brought by the widow (surviving spouse)—or, if none—by the next of kin, and that damages must inure to the exclusive benefit of the surviving spouse and children, if any, or to the next of kin—to be distributed in the same manner as personal property of the decedent (60-3203). The right of a person to the damages—or a part thereof—allowed by the statute, should not be of any concern to the negligent wrongdoer, and such wrongdoer is not to be relieved of responsibility or liability because of the inability, for any reason, of the persons suffering the loss to agree as a class—to consolidate their efforts in a single petition.

(2) It is not contended that more than one action may be filed as the result of a single wrongful death, and neither is it contended that the single statutory cause of action may be split into as many actions as there may be individuals eligible to participate in the division of damages recovered. "Next of kin" constitute a class—just as do a widow (surviving spouse) and children, and justice requires that anyone in the class of next of kin should be permitted, for himself and on behalf of all others in his class—to maintain the action for the exclusive benefit of that class, and, once recovery is had—only the court and members of the class are concerned with the distribution of the sum recovered as personal property of the deceased.

The questions involved have never been presented to and decided by this court.

Defendants contend—and plaintiff concedes—and we believe correctly so—that the wrongful-death statutes creates but one cause of action—and that a negligent wrongdoer can be compelled to answer but once for a single wrongful death.

When, under 60-3203, the personal representative brings the action he does so in his statutory capacity—for the exclusive benefit of the surviving spouse and children, if any, or next of kin. When, under 60-3204, the widow (surviving spouse) brings the action—she does so for the benefit of herself and children. If there is no

widow (surviving spouse) then the action may be brought by the next of kin of the deceased. True, the statute does not say the action may be brought by one of several next of kin—but neither does it say that all next of kin must join in the action. Under such a situation it is doubtful that the "unity of interest" rule for the bringing of actions generally, is applicable, for if a personal representative or a surviving spouse can maintain the action on behalf of the mentioned beneficiaries it is logical to conclude that a next of kin should be permitted to bring it on behalf of other next of kin. The surviving spouse and children of a decedent are his or her next of kin —that is, they inherit from such decedent under the law of descents and distributions. If the surviving spouse can bring the action on behalf of the children, then why, in a case where the next of kin are brothers and sisters, or nephews and nieces, or, as here, the parents—cannot one of such class bring the action for the benefit of the others in that class? As only one action can be maintained against a negligent wrongdoer for a single wrongful death, we fail to see how a defendant can be prejudiced by permitting such to be done. As a practical matter, in a given case it could very easily work to his advantage—for a plaintiff next of kin might have great difficulty in establishing that others in such class have sustained damages as the result of the death of their relative.

Here the father is the sole plaintiff—but he brings the action for the "exclusive benefit of the next of kin"—and we feel compelled to hold that under the statute he may do so.

Our conclusion as to the point just mentioned provides the answer to the second question presented. Having brought the action on behalf of the next of kin for their "exclusive benefit"—plaintiff can sue for the full amount of recovery allowed by statute—$25,000. In event of recovery the distribution of the proceeds of the judgment is of course no concern to the defendants and is solely within the province and jurisdiction of the trial court. They cannot be compelled again to answer at the suit of anyone else for the alleged wrongful death of the boy.

Defendants' demurrer to the petition was correctly overruled, and the order is affirmed.

PRICE, J., dissenting in part: A cause of action for wrongful death is purely statutory, and the right to damages under the statute is statutory and conditional, and cannot be enforced except within the

prescribed statutory limitations. The provision of the statute that the damages must inure to the "exclusive benefit of the surviving spouse and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased"—disposes of property. The cause of action to recover the damages accrues when death occurs, and the interest of a beneficiary in those damages vests at that time. (*White v. Atchison, T. & S. F. Rly. Co.*, 125 Kan. 537, 538, 539, 265 Pac. 73, 59 A. L. R. 749.)

In the present case the decedent left no surviving spouse or children. His parents, therefore, were his next of kin. There being no personal representative or surviving spouse, they, as next of kin, are authorized by the statute to sue for damages. But suppose, for example, we have a case where the next of kin consist of numerous nephews and nieces—scattered all over the country—and the whereabouts of many being unknown. One "local" nephew, as sole plaintiff, brings the action on behalf of the others for the "exclusive benefit" of all in the class. The "ramifications" of such a situation are obvious. Could he, for example, make a settlement with the defendant which would bind those not even parties to the action?

Notwithstanding that a negligent wrongdoer can be compelled to answer but once for a single wrongful death, it is my opinion that in a situation where there is no personal representative or widow, and the action is sought to be brought by the next of kin, *all of them,* as statutory beneficiaries of damages, are the real (and only) parties in interest, and, therefore, all are indispensable parties to the action. If for any reason all are not joined as plaintiffs—those not so joined should be made defendants—otherwise, it seems to me, it would behoove them—the next of kin—to secure the appointment of a personal representative of the decedent so that he, in such statutory capacity, can bring the action.

If, however, *one* of the class of next of kin can bring the action for the "exclusive benefit" of the class—as the court today holds—then I agree that such sole plaintiff should be permitted to sue for the maximum amount of damages allowed by the statute.

Schroeder and Jackson, JJ., join in the foregoing partial dissent.