(571 P.2d 11)

No. 48,518

VICTOR FROST and DAVID FROST, *Appellants,* v. CREIGHTON A. HAR-
DIN, M.D., *et al., Appellees.*

Opinion filed July 22, 1977.

*George W. Thomas,* of Kansas City, Kansas, and *H. George Lafferty, Jr.,* of
Lafferty, Horowitz & Shurin, of Kansas City, Missouri, for the appellants.

*John J. Bukaty,* of Kansas City, Kansas, and *Shirley Ward Keeler,* of Kansas City,
Missouri, for the appellees.

Before PARKS, P.J., FOTH and REES, JJ.

FOTH, J.: The issue in this case is whether a wrongful death
action by the minor children of a deceased father is barred by the
statute of limitations because such an action would be barred if
brought by their widowed mother. The question is one of first
impression in this state. On defendants' motion the trial court
dismissed the action and plaintiffs have appealed. We reverse.

Plaintiffs' father, Abe Frost, died on September 6, 1969, al-
legedly as the result of malpractice by the defendant surgeons,
Creighton A. Hardin and Charles Damico. At that time plaintiff
Victor Frost was fifteen years old and plaintiff David Frost was

twelve. This action was filed on March 31, 1975, when Victor and David were twenty-one and eighteen respectively.

Under K.S.A. 60-513 a wrongful death action must be brought within two years of the date of death, and this action would clearly be barred by that statute except for the tolling provisions of K.S.A. 60-515 (a):

"If any person entitled to bring an action . . . at the time the cause of action accrued, or at any time during the period the statute of limitations is running, be within the age of eighteen (18) years . . . such person shall be entitled to bring such action within one (1) year after such disability shall be removed. . . ."

David, the eighteen-year-old, was timely under the statute as it now reads. Victor, the twenty-one-year-old, was timely under a similar savings clause inserted when the age of majority was changed from 21 to 18, which gave him until his twenty-second birthday to file his suit. See K.S.A. 1972 Supp. 60-515. Defendants concede as much, and recognize that if these plaintiffs were the sole surviving next of kin the statute of limitations defense would fail. Therefore defendants base their argument that the action is barred solely on the action and inaction of the plaintiffs' mother, Natalie Frost.

Mrs. Frost filed a wrongful death action against the defendant Hardin on September 7, 1971. That action was dismissed on the trial court's own motion, for lack of prosecution, on November 13, 1972. The court refused to reinstate the action on July 24, 1974, and the Supreme Court affirmed the refusal in *Frost v. Hardin,* 218 Kan. 260, 543 P.2d 941.

Defendants' motion to dismiss this action was based on the existence and outcome of the prior action between Mrs. Frost and Dr. Hardin. Their theory was that there can be only one wrongful death action brought for a single death, and that Mrs. Frost, by her abortive suit, somehow appropriated and "used up" any action for the wrongful death of Abe Frost. The trial court's order of dismissal was based on this theory, and defendants reassert it here in support of the judgment below.

Plaintiffs, on the other hand, argue that they were not parties to the prior action, nor was Dr. Damico. Hence, they say, they cannot be barred by principles of res judicata or collateral estoppel even as to Dr. Hardin, and certainly not as to Dr. Damico. To hold that they are barred by an action to which they were not

parties, they say, would deny them due process and the equal protection of the laws.

As may be seen, plaintiffs, defendants and the trial court all treated the first suit as a significant operative fact. In so doing we think they were operating from a false premise; the result has been briefs which touch on the real issues only tangentially, although defendants come closer to the mark than plaintiffs.

As observed in *Frost v. Hardin,* supra, the first action was dismissed under that part of what is now K.S.A. 60-241 *(a)* (2) which provides: "The judge may on his own motion cause a case to be dismissed *without prejudice* for lack of prosecution. . . ." (Emphasis added.)

The dismissal was, therefore, by statute, "without prejudice." We would suppose that phrase to be commonly understood by lawyers everywhere. "In its general adaptation, the phrase means that there is no decision of the controversy on its merits, and leaves the whole subject in litigation as much open to another application as though no suit had ever been brought." (97 C.J.S. 331, defining "without prejudice.") See also, *Hargis v. Robinson,* 70 Kan. 589, 594, 79 Pac. 119, where our Supreme Court observed over seventy years ago: "The terms 'with prejudice' and 'without prejudice' have been recognized by the legislature and by the decisions of this court as having reference to, and being determinative of, the right to the bringing of a future action."

The current recognition is found in K.S.A. 60-518:

"If any action be commenced within due time, and the plaintiff fail in such action *otherwise than upon the merits,* and the time limited for the same shall have expired, the plaintiff . . . may commence a new action within six (6) months after such failure." (Emphasis added.)

The result is that when Mrs. Frost's action was dismissed in 1972 it was "as though no suit had ever been brought." (C.J.S., supra.) The two year statute of limitations had then run, but because the failure of her suit was "otherwise than upon the merits," under 60-518 she had an additional six months from the dismissal in which to file a new action. No doubt she would have done so except that her counsel didn't learn of the dismissal until eighteen or more months after the fact. By then it was too late to file a new suit, so counsel attempted the reinstatement route with the unhappy result chronicled in *Frost v. Hardin,* supra.

When this suit was filed, then, Mrs. Frost as the surviving

widow was barred from filing a wrongful death action, but simply by reason of the statute of limitations and not by reason of her previous suit. The only result of that suit was to extend her time for filing anew, but by 1975 even the extended time had expired. The situation at that time was exactly as if Mrs. Frost had sat idly by and let the statutory two years expire without doing anything. The question then becomes whether these plaintiffs, who were minors while the statute ran against their mother, are likewise barred because she is.

Defendants argue that there is but a single cause of action and that the statute runs against the cause of action as such, not against the holder of it. They rely on the general principle that where there is a single joint cause of action and one of the joint holders is capable of bringing it, the statute runs against the cause of action even though other potential plaintiffs are under some sort of disability. The cases they cite, by and large, are foreign cases involving joint owners seeking to recover either real or personal property. The one case they cite most nearly in point is *Louisville & Nashville Railroad Company v. Sanders,* 86 Ky. 259, 5 S. W. 563 (1887). There the Kentucky Court of Appeals held infant children to be barred from bringing a wrongful death action five years after their father's death because an administrator had been appointed who could have brought the suit within the statutory one year. The court recognized the apparent justice of the minor plaintiffs' claim, but felt it was outweighed by the public policy demanding speedy settlement of personal injury claims, as evidenced by the legislative assignment to such claims of the shortest possible period of limitation. We are unable to perceive any such public policy in the Kansas statutes which would override the specific tolling provisions of 60-515 (*a*)—our two year statute for wrongful death is not the shortest on the Kansas books. They cite in addition *O'Connell v. Chicago Park District,* 376 Ill. 550, 34 N.E.2d 836 (1941), holding that once the statute started running against a cause of action held by a bank it was not tolled by the appointment of a receiver for the bank; and *In re Estate of Biege,* 183 Kan. 352, 327 P.2d 872, holding that the death of a potential plaintiff tolled the statute until an administrator was appointed. Neither does much to resolve the question here.

Plaintiffs, on the other hand, while not meeting the statute of

limitations question issue head on, argue that the interests of the widow and minor children are wholly separate. Therefore, they say, the fact that the widow is barred by her former suit has no effect on the children. They cite *Cross v. Pacific Gas & Electric Co.,* 60 Cal. 2d 690, 36 Cal. Rptr. 321, 388 P.2d 353 (1964), holding that under the California statute each heir has a separate cause of action for wrongful death, hence minor children are not barred merely because the mother is. Under that doctrine, even a judgment on the merits in the mother's action does not bar the minor children. *Arizmendi v. System Leasing Corp.,* 15 Cal. App. 3d 730, 93 Cal. Rptr. 411 (1971). Nevada takes the same view of its statute. *Parker v. Chrysler Motors Corp.,* 88 Nev. 560, 502 P.2d 111 (1972).

The answer, as we see it, lies somewhere in between the Kentucky and California views, and is governed by our own statutes creating the cause of action, K.S.A. 60-1901 *et seq.*

The relevant statutes are:

"If the death of a person is caused by the wrongful act or omission of another, an action may be maintained for the damages resulting therefrom. . . ." (K.S.A. 60-1901.)

"The action may be commenced by any one of the heirs at law of the deceased who has sustained a loss by reason of the death. Any heir who does not join as a party plaintiff in the original action but who claims to have been damaged by reason of the death shall be permitted to intervene therein. The action shall be for the exclusive benefit of all of the heirs who has sustained a loss regardless of whether they all join or intervene therein, but the amounts of their respective recoveries shall be in accordance with the subsequent provisions of this article." (K.S.A. 60-1902.)

"The net amount recovered in any such action . . . shall be apportioned by the judge upon a hearing, with reasonable notice to all of the known heirs having an interest therein. . . . The apportionment shall be in proportion to the loss sustained by each of the heirs, and all heirs known to have sustained a loss shall share in such apportionment regardless of whether they joined or intervened in the action. . . ." (K.S.A. 60-1905.)

Defendants base their one-cause-of-action theory on *Ellis v. Sill,* 190 Kan. 300, 374 P.2d 213. That was a wrongful death action brought by a father for the death of his fourteen-year-old son. The defendants demurred on the grounds (1) that *all* next of kin were indispensable parties, and the boy's mother was not joined; and (2) that even if she was not indispensable, the father could not sue for more than his one-half of the statutory maximum claim.

That action was brought under our present statutes' predecessors, particularly G.S. 1961 Supp. 60-3203 and G.S. 1949 60-3204, which encompassed a scheme significantly different from the present statutes in at least two respects. First, priorities were established among potential plaintiffs: (a) the personal representatives, if any; (b) the surviving spouse, if any; and (c) "the next of kin," but only if there was no one in either of the first two categories. The present statute, it will be noted, authorizes the action to be brought by "any one of the heirs at law." Second, under former 60-3203, the recovery was distributed to the decedent's heirs according to the statutes governing personal property in cases of intestacy. (*Holmes, Administrator v. Price,* 186 Kan. 623, 352 P.2d 5.) Although the elements of damage (mental anguish, filial or parental care, etc.) are similar under both the old and new statutes, distribution under present 60-1905 is "in proportion to the loss sustained by each of the heirs" rather than under the former intestacy formula.

Looking at the statutes then obtaining, the *Ellis* court reasoned thus: Only one action could be brought in the sense that "a negligent wrongdoer can be compelled to answer but once for a single wrongful death." (190 Kan. at 305.) That did not mean, however, that all who would share in the recovery had to join as parties plaintiff. Clearly the beneficiaries were not required to join an action brought by a personal representative, and just as clearly the deceased's children were not required to join an action brought by a widow (surviving spouse) for the benefit of herself and the children. As to an action by the third class—the next of kin—it was recognized that the statute was not so explicit, but the same result was reached:

"True, the statute does not say the action may be brought by one of several next of kin—but neither does it say that all next of kin must join in the action. Under such a situation it is doubtful that the 'unity of interest' rule for the bringing of actions generally, is applicable, for if a personal representative or a surviving spouse can maintain the action on behalf of the mentioned beneficiaries it is logical to conclude that next of kin should be permitted to bring it on behalf of other next of kin. The surviving spouse and children of a decedent are his or her next of kin—that is, they inherit from such decedent under the law of descents and distributions. If the surviving spouse can bring the action on behalf of the children, then why, in a case where the next of kin are brothers and sisters, or nephews and nieces, or, as here, the parents—cannot one of such class bring the action for the benefit of the others in that class? As only one action can be maintained against a negligent wrongdoer for a single wrongful death, we fail to

see how a defendant can be prejudiced by permitting such to be done." (190 Kan. at 306.)

It was therefore held that the plaintiff father in that case could maintain the action, and the missing mother was not an indispensable party. It was further held that he could sue for the full statutory maximum, since he sued as a representative of all the heirs (in that case, the mother as well as himself). The distribution of any recovery was of no concern to the defendants, since they could not be held to answer in any other suit on the same cause of action.

The changes in the statute since *Ellis* do little to detract from the force of that decision, but neither the changes nor the *Ellis* decision itself compels the conclusion urged by defendants. True, one cause of action is all that may be brought, but one is all that these defendants are being required to defend on the merits. Had Mrs. Frost's action gone to judgment on the merits, the present plaintiffs would have been bound even though they were not parties. Only in such a case could she be said to have "appropriated" the action, as defendants claim she did. The present statute makes explicit what the *Ellis* court found implicit, *i.e.,* that any heir would be permitted to join, but that no heir was indispensable. By the same token, Mrs. Frost is not an indispensable party to this action brought by her two children.

The result is that the Kansas wrongful death action is not truly a "joint" action in the sense that all interested plaintiffs must join and defenses good against one are good against all. This is aptly demonstrated by *Cruse v. Dole,* 155 Kan. 292, 124 P.2d 470. There the defense of contributory negligence was asserted against a surviving husband, who had been driving at the time of the accident in which his wife was killed. No such defense was available as to two adult daughters, but no evidence was introduced as to their loss. The court said:

"Generally speaking, in an action for wrongful death, recovery is limited to pecuniary loss by the statutory beneficiaries (*Pattrick v. Riggs,* 148 Kan. 741, 742, 84 P.2d 840). In the case at bar there was evidence as to the loss sustained by the husband but none whatever as to the daughters. . . . Generally in such case, under a wrongful-death statute similar to ours, the husband may not recover, and any amount he would otherwise have received is deductible from the amount recoverable by the survivors as a group, the rest being distributed among the survivors *as though the husband did not exist* (Restatement, Torts, § 493)." (155 Kan. at 297. Emphasis added.)

The result in that case was a judgment for nominal damages for the two daughters. However, in the earlier case of *Schaefer v. Interurban Railway Co.,* 104 Kan. 394, 179 Pac. 323, minor children were permitted to recover $1,000 for the wrongful death of their mother even though their father, the driver, was non-suited because of his own contributory negligence. On appeal there was no contention that the defense against the father should also bar the children, but only that the deceased wife was also guilty of contributory negligence.

We think an analogous result should obtain here. Defendants have a good statute of limitations defense against any claim by Mrs. Frost, but that does not bar these plaintiffs. They are given the right by statute to bring the action in their own names, and that right was preserved to them by statute during their respective minorities. Any recovery, of course, would be limited to damages for their individual losses, not to exceed the statutory maximum, to be distributed "as though the [wife] did.not exist." (*Cruse v. Dole,* supra.)

In view of our conclusion we need not reach the constitutional and other claims raised by the appellants. The judgment is reversed and the case remanded for further proceedings consistent with this opinion.