MYERS, J.,
for the Court:
PROCEDURAL HISTORY
¶ 1. This is the second appeal from Bradford Seafood Company surrounding the back injury of Anthony Alexander. Alexander worked as an oyster shucker for Bradford Seafood and injured his back in March of 1993 while lifting a bag of oysters. Bradford Seafood denied compensa-bility for the injury. Its claim was that there were fewer than five employees and the business was involved in aquacultural (farming) pursuits thus exempting it from the requirement of providing workers’ compensation insurance to its employees.
¶ 2. A hearing was held before Administrative Law Judge W.A. Thornton to resolve the issues of whether Alexander was an employee of Bradford Seafood and whether Bradford Seafood was an employer subject to the Mississippi Workers’ Compensation Act (Act). Without reaching a decision as to whether Bradford Seafood was subject to the Act, Alexander’s claim was dismissed when Judge Thornton ruled that Alexander was an independent contractor and not an employee.
¶ 3. Alexander then petitioned the Workers’ Compensation Commission for review of the administrative judge’s order. The Commission affirmed the administrative judge’s order. Alexander filed an appeal *323 in the Circuit Court of Harrison County which also affirmed the order of the administrative judge. Finally, Alexander appealed to the Mississippi Supreme Court which assigned the case to this Court. We reversed the decision of the Harrison County Circuit Court finding that Alexander was indeed an employee of Bradford Seafood covered by the Act. Alexander v. Bradford Seafood Co., 691 So.2d 1032 (Miss.Ct.App.1996)(table). The case was remanded to the Commission for the determination and the supervision of the compensation due Alexander.
CASE AT BAR
¶ 4. In the order signed by Administrative Law Judge Linda Thompson, three issues were listed for determination. They are: (1) whether Bradford Seafood Co., Inc. was subject to the Mississippi Workers’ Compensation Act on March 26, 1993; (2) whether Anthony Alexander sustained a work-related injury to his lower back and neck on March 26, 1993; (3) the existence/extent of disability resulting to the work injury.
¶ 5. The mandate of this Court penned by Judge Frank Barber stated very clearly that “[t]his cause is remanded to the Workers’ Compensation Commission solely for determination and supervision of the compensation due the Appellant.” We denied Bradford Seafood’s motion for rehearing. Bradford Seafood then petitioned the supreme court for writ of certiorari based on the farmer and farm laborers exemption contained in Miss.Code Ann. § 71-3-5 (Rev.2000) [1] After the initial grant of cer-tiorari, the supreme court, on its own motion, met en bane and vacated the grant of certiorari. The Commission then remanded the case to Administrative Law Judge Thompson.
¶ 6. The administrative law judge found it necessary to clarify the issues. In her decision, she found that Bradford Seafood was involved with the commercial processing of oyster meat, not farming or aquaculture, and thus subject to the Act. The administrative judge also found that Alexander did sustain a work related injury and that he suffered from permanent total disability as a result of that injury. Bradford Seafood was found to be liable for all medical services and supplies related to Alexander’s workers’ compensation claim. The Mississippi Workers’ Compensation Commission affirmed the order of the administrative judge.
¶ 7. Once again Bradford Seafood sought relief by appealing the ruling of the administrative judge and the Workers’ Compensation Commission to the Circuit Court of Harrison County alleging that the Commission erred in failing to find that Alexander was a farm laborer. The Harrison County Circuit Court affirmed the lower decision and Bradford Seafood appealed once again to the Mississippi Supreme Court. The issue presented by the appellant is whether Anthony Alexander was a “farm laborer” pursuant to Miss.Code Ann. § 71-3-5 (Rev.2000) and, therefore, not subject to the Mississippi Workers’ Compensation Act.
DISCUSSION
If 8. It is of great import to note that only one issue was decided in Bradford *324 Seafood’s first visit to our Court: whether Alexander was an independent contractor or an employee of Bradford Seafood. On the second visit we are faced with another question of law which would directly impact the ruling in the first matter. Though we remanded for a determination of the amount of benefits, we find it appropriate that the Commission first examined the effect of Bradford’s separate defense raised in its original answer to Alexander’s petition to controvert and not yet ruled upon at any level. The question is, whether Bradford Seafood is a farming business and thus Alexander a farm laborer exempted under Miss. Code Ann. § 71-3-5 (Rev.2000). We hold that Bradford Seafood is in the business of processing oysters and Alexander as their employee is not exempted under the Act.
¶ 9. Our review of the Workers’ Compensation Commission is limited. We must determine whether there is substantial evidence to support the Commission’s findings. If there is a deficit record or amount of evidence in the record and the decision is unsupported, the Commission will be found to have been arbitrary and capricious. We may also review their decision if there has been a misinterpretation or misreading of the applicable law. Hurdle and Son v. Holloway, 749 So.2d 342, 346 (Miss.Ct.App.1999). The Commission will be affirmed if the appellate court determines there is significant credible evidence supporting their decision. Natchez Equip. Co. v. Gibbs, 623 So.2d 270, 273-74 (Miss.1993).
¶ 10. Mr. Jordan Bradford owns Bradford Seafood and Oyster Farms, Inc. The sole crop is oysters. He raises oysters in the beds at Oyster Farms, Inc. They are then harvested and shipped to Mississippi to Bradford Seafood for processing. The farming of the oysters occurred in Louisiana at Oyster Farms, Inc. Their removal from their beds occurred in Louisiana by Oyster Farms, Inc. The farming operation ceased and the processing operation began once that crop of oysters came over to the Mississippi Gulf Coast to be shucked and readied for sale as Bradford’s Brand Oysters.
¶ 11. Is Bradford Seafood in the business of processing[2] or manufacturing[3] oyster meat?
In considering what constitutes a manufacture or manufacturing, ... generally there are three main or essential elements: (1) An original substance or material, frequently referred to as raw material. (2) A process whereby the original material is changed or transformed. (3) An article or substance which, by reason of being subjected to the processing, is to some extent different from the original substance or material.
Stafford v. U.S. Cattle Corp., 389 So.2d 923, 925 (Miss.1980)(quoting Lopanic v. Berkeley Coop. Gin Co., 191 So.2d 108, 113 (Miss.1966)).
Any factory or person engaged in the canning, processing, freezing, drying or shipping of oysters, fish, saltwater crabs or saltwater shrimp shall be considered a seafood processor and shall obtain a license and pay an annual privilege tax.... The privilege of a processor shall also include the privileges of a wholesaler....
Miss.Code Ann. § 49-15-29(2) (Rev.2000).
¶ 12. Bradford Seafood takes an oyster and removes it from its shell in order to *325 sell the meat. By reason of being subjected to this process, taking the meat out of the shell, the oyster is forever altered. Bradford Seafood does manufacture oyster meat. Bradford Seafood further processes this oyster meat by washing it, packing it in tubs with water and then selling it. According to statutory definition, Bradford Seafood is in the business of processing seafood. Miss.Code Ann. § 49-15-29(2) (Rev.2000)(see also Stafford v. U.S. Cattle Corp., 389 So.2d 923, 925-26 (Miss.1980))(holding that corn feed in a grain silo was not significantly different from the original raw material and could not be categorized as a manufactured product because it was merely stored there).
¶ 13. Bradford Seafood contends that the oyster is not fully harvested until such time as it is removed from its shell. If that were really the case, then eveiy restaurant that shucked oysters would be helping Bradford Seafood farm their oysters. When a farmer takes seed cotton to he ginned it is then processing his cotton crop. The removal of seeds from the cotton boll allows for the cotton to be baled and the seed to be further processed as needed. Cotton gin owners take out Workers’ Compensation insurance on the employees at their gins. See Wilkins v. Wood, 229 Miss. 553, 556, 91 So.2d 560, 561 (Miss.1956)(holding that a sharecropper killed while taking his own crop to lessor’s gin was not an employee of the gin and exempted as a farm laborer). Under Bradford Seafood’s theory, the cotton would not be considered fully harvested until the bales reach cloth manufacturers.
¶ 14. Bradford Seafood is an oyster processing enterprise operated for the purpose of readying oyster meat for shipment to purchasers. “[T]he exemption does not apply to the processing of agricultural products when carried on commercially.” Miss.Code Ann. § 71-3-5 (Rev. 2000).
¶ 15. Our position is implied in our previous opinion. However, in order to avoid confusion, we will state our opinion in clear terms. We fully agree with the lower court and its ruling that Bradford Seafood Co., is in the business of processing oyster meat for commercial use and therefore not exempt from the Act. The people employed as oyster shuckers are employees as defined in the Mississippi Workers’ Compensation Act. Anthony Alexander was an employee of Bradford Seafood and Bradford Seafood is responsible for paying Alexander’s damages as determined by the Commission.
¶ 16. The award of benefits at the rate of $97.02 per week beginning March 26, 1993, and continuing for 450 weeks[4]; all penalties and interests on all due and unpaid compensation benefits; and providing of medical services and supplies as required by the nature of Alexander’s injury and the process of his recovery therefrom pursuant to Miss.Code Ann. § 71-3-15 (Rev.2000), General Rule 12 and the Medical Fee Schedule, including the outstanding charges of $31,976.70 shall be paid in accordance to rulings of the Workers’ Compensation Commission.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY THAT BRADFORD SEAFOOD IS A BUSINESS COVERED UNDER THE WORKERS’ COMPENSATION ACT AND IS RESPONSIBLE FOR PAYING WORKERS’ COMPENSATION BENEFITS TO ANTHONY *326 ALEXANDER IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, IRVING and CHANDLER, JJ., CONCUR. LEE, J., NOT PARTICIPATING.

. Miss.Code Ann. § 71-3-5 (Rev.2000) provides "Application-Every person, firm and private corporation including any public service but excluding, however, all non profit charitable, fraternal, cultural or religious corporation or associations, that have in service five (5) or more workmen or operative regularly in the same business or in or about the same' establishment under any contract of hire, express or implied.... Domestic servants, farmers and farm labor are not included ... but this exemption does not apply to the processing of agricultural products when carried on commercially.”

. A series of operations performed in the making or treatment of a product. The American Heritage College Dictionary, 3rd edition 1993.

. To make or process (a raw material) into a finished product.... Id.

. Miss.Code Ann. § 71-3-13(2) provides the, "Maximum and minimum recovery....”